**H. Richard BATES, Personal Representative of the Estate of Dr. Philip O. Littleford, deceased, Plaintiff–Appellant, Cross–Appellee,**

v.

**COOK, INC., Defendant–Appellee, Cross–Appellant.**

No. 85–3038.

United States Court of Appeals, Eleventh Circuit.

March 25, 1988.

Herbert L. Allen, Duckworth, Allen, Dyer & Pettis, Lavinia Dierking, Orlando, Fla., for plaintiff-appellant, cross-appellee.

Michael P. McMahon, Akerman, Senterfitt & Eidson, Orlando, Fla., C. David Emhardt, Vincent O. Wagner, Steve E. Zlatos, Woodard, Weikart, Emhardt & Naughton, Indianapolis, Ind., for defendant-appellee, cross-appellant.

Before KRAVITCH, Circuit Judge, and GODBOLD * and SIMPSON **, Senior Circuit Judges.

GODBOLD, Senior Circuit Judge:

This court certified to the Florida Supreme Court the following question:

For the purpose of applying Florida's limitation of actions "borrowing" statute, Fla.Stat.Ann. § 95.10 (West 1982), is the determination whether a cause of action for theft of trade secrets has arisen in a state other than Florida to be made solely with reference to the state in which the "last act necessary to establish liability" occurred, *Colhoun v. Greyhound Lines, Inc.,* 265 So.2d 18, 21 (Fla.1972), or with reference to the "significant relationships" that the respective states have to the cause of action, *Bishop v. Florida Specialty Paint Co.,* 389 So.2d 999,

---

* *See* Rule 34–2(b) Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Bryan Simpson participated in the order certifying this case to the Florida Su-

1000–01 (Fla.1980)? *Cf. Pledger v. Burnup & Sims, Inc.,* 432 So.2d 1323 (Fla.App. 4 Dist.1983), *review denied* 446 So.2d 99 (Fla.1984); *Meehan v. Celotex Corp.,* 466 So.2d 1100 (Fla.App. 3 Dist. 1985); *Steiner v. Mt. Vernon Fire Ins. Co.,* 470 So.2d 3 (Fla.App. 2 Dist.1985) (per curiam).

The Supreme Court of Florida accepted the question exactly as phrased and responded as follows:

We are now convinced that just as in the case of other issues of substantive law, the significant relationships test should be used to decide conflicts of law questions concerning the statute of limitations. Our ruling does not do violence to Florida's borrowing statute. We simply hold that the significant relationships test should be employed to decide in which state the cause of action "arose." The borrowing statute will only come into play if it is determined that the cause of action arose in another state.

*Bates v. Cook, Inc.,* 509 So.2d 1112, 1114 (Fla.1987).

This case is REMANDED to the district court for reconsideration under correct standards. *Bates,* 791 F.2d 1525, 1526 n. 1.

preme Court but did not participate in this decision because of his death on August 22, 1987. This opinion is rendered by a quorum pursuant to 28 U.S.C. § 46(d).