389 So.2d 999 (1980)
Althea G. BISHOP and William J. Bishop, Sr., As Individuals and As Parents and Next Friends of Patti Robin Bishop, a Minor, Petitioners,
v.
FLORIDA SPECIALTY PAINT COMPANY, a Florida Corporation, and J.D. Macrae, Jr., Respondents.
No. 58372.
Supreme Court of Florida.
October 23, 1980.
*1000 Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for respondents.
Larry Klein, West Palm Beach, for The Academy of Florida Trial Lawyers, amicus curiae.
ENGLAND, Justice.
The present suit arose from the crash of a small plane en route from Jacksonville, Florida, to Beech Mountain, North Carolina, for a Fourth of July weekend. The Bishop family, guest passengers in the plane, brought suit against Florida Specialty Paint Company (the plane's lessee) and J.D. MacRae (the plane's pilot and president of Florida Specialty Paint), alleging negligent operation of the aircraft. All relevant parties are Jacksonville residents and the holiday trip began, and was to end, in Jacksonville.
Upon motion, the trial court granted summary judgment for MacRae and Florida Specialty Paint, holding that under Florida conflicts law all substantive issues of the case were to be determined under the law of the place where the injury occurred-South Carolina. Florida law allows recovery by airplane guest passengers upon a showing of ordinary negligence; South Carolina's aviation guest statute requires a showing of intentional misconduct or recklessness. The Bishops concede that they cannot meet the South Carolina standard for recovery.
The District Court of Appeal, First District, affirmed the ruling of the trial court but certified the following question for our consideration:
Does the lex loci delicti rule govern the rights and liabilities of the parties in tort actions, precluding consideration by the Florida courts of other relevant considerations, such as the policies and purposes underlying the conflicting laws of a foreign jurisdiction where the tort occurred, and the relationship of the occurrence and of the parties to such policies and purposes?
Bishop v. Florida Specialty Paint Co., 377 So.2d 767, 768 (Fla.1st DCA 1979).
The question, as posed, invites us to recede from prior decisions of this Court which have stated that the substantive law applicable to personal injury actions is the law of the state where the injury occurred-a conflict of laws rule sometimes referred to by its Latin pseudonym, lex loci delicti. E.g., Hopkins v. Lockheed Aircraft Corp., 201 So.2d 743 (Fla. 1967). As stated in Hopkins, on rehearing, this rule promotes our interest in consistency and stability by application of a stable and objective standard for choice of law determinations. On the other hand, there are reasons for adopting a more flexible rule, particularly in the case of aviation accidents. In the present case, for instance, the weekend trip was to begin and end in Florida, plaintiffs and defendants are all Florida residents, and the host-guest relationship between the parties arose in Florida. The relationship of South Carolina to the personal injury action is limited to the happenstance of the plane coming into contact with South Carolina soil after developing engine trouble in unidentified airspace.
*1001 Instead of clinging to the traditional lex loci delicti rule, we now adopt the "significant relationships test" as set forth in the Restatement (Second) of Conflict of Laws §§ 145-146 (1971):
§ 145. The General Principle
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.
§ 146. Personal Injuries
In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
(Emphasis supplied.)
The conflicts theory set out in the Restatement does not reject the "place of injury" rule completely. The state where the injury occurred would, under most circumstances, be the decisive consideration in determining the applicable choice of law. Indeed, the rationale for a strict lex loci delicti rule is also reflected in the same Restatement's section 6, where "certainty, predictability and uniformity of result," and "ease in the determination and application of the law to be applied" are cited as major factors in determining the proper choice of law.[1] In contrast to the inflexible place of injury rule, however, the Restatement rule recognizes that the state where the injury occurred may have little actual significance for the cause of action. Other factors may combine to outweigh the place of injury as a controlling consideration, making the determination of applicable law a less mechanical, and more rational, process.
For the reasons expressed, we answer "no" to the certified question and now recede from the inflexible lex loci delicti rule. In doing so we join with numerous other state courts which have adopted the more flexible, modern approach to this aspect of conflicts of law.[2]
It is so ordered.
*1002 SUNDBERG, C.J., and ADKINS, OVERTON, ALDERMAN and McDONALD, JJ., concur.
BOYD, J., dissents.
NOTES
[1] Section 6 of the Restatement (Second) lists the following factors as important choice of law considerations in all areas of law:

(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.
Restatement (Second) of Conflict of Laws § 6 (1971).
[2] Twenty-five states and the District of Columbia have already rejected the place of injury rule and adopted one of several "multiple factors" theories. Armstrong v. Armstrong, 441 P.2d 699 (Alaska 1968); Schwartz v. Schwartz, 103 Ariz. 562, 447 P.2d 254 (1968); Wallis v. Mrs. Smith's Pie Co., 261 Ark. 622, 550 S.W.2d 453 (1977); Reich v. Purcell, 67 Cal.2d 551, 432 P.2d 727, 63 Cal. Rptr. 31 (1967); First Nat'l Bank v. Rostek, 182 Colo. 437, 514 P.2d 314 (1973); Ingersoll v. Klein, 46 Ill.2d 42, 262 N.E.2d 593 (1970); Fuerste v. Bemis, 156 N.W.2d 831 (Iowa 1968); Arnett v. Thompson, 433 S.W.2d 109 (Ky. 1968); Jagers v. Royal Indem. Co., 276 So.2d 309 (La. 1973); Beaulieu v. Beaulieu, 265 A.2d 610 (Me. 1970); Pevoski v. Pevoski, 371 Mass. 358, 358 N.E.2d 416 (1976); Milkovich v. Saari, 295 Minn. 155, 203 N.W.2d 408 (1973); Mitchell v. Craft, 211 So.2d 509 (Miss. 1968); Kennedy v. Dixon, 439 S.W.2d 173 (Mo. 1969); Clark v. Clark, 107 N.H. 351, 222 A.2d 205 (1966); Mellk v. Sarahson, 49 N.J. 226, 229 A.2d 625 (1967); Babcock v. Jackson, 12 N.Y.2d 473, 191 N.E.2d 279, 240 N.Y.S.2d 743 (1963); Issendorf v. Olson, 194 N.W.2d 750 (N.D. 1972); Brickner v. Gooden, 525 P.2d 632 (Okla. 1974); Casey v. Manson Constr. & Eng'r Co., 247 Or. 274, 428 P.2d 898 (1967); Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964); Woodward v. Stewart, 104 R.I. 290, 243 A.2d 917, cert. dismissed, 393 U.S. 957, 89 S.Ct. 387, 21 L.Ed.2d 371 (1968); Gutierrez v. Collins, 583 S.W.2d 312 (Tex. 1979); Johnson v. Spider Staging Corp., 87 Wash.2d 577, 555 P.2d 997 (1976); Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965); Gaither v. Meyers, 404 F.2d 216 (D.C. Cir.1968).