**Robert M. HAYDEN, as Personal Representative of the Estate of Linda A. Hayden, deceased, Plaintiff,**

**v.**

**Michael KRUSLING, as Personal Representative of the Estate of Edward Krusling, deceased, and Buckeye Union Insurance Company, Defendants.**

**No. PCA 81–0552.**

United States District Court, N. D. Florida, Pensacola Division.

Jan. 22, 1982.

Roy M. Kinsey, Jr., Pensacola, Fla., for plaintiff.

Robert P. Gaines, Pensacola, Fla., for defendant Krusling.

Robert D. Bell, Pensacola, Fla., for defendant Buckeye.

MEMORANDUM DECISION

ARNOW, Senior District Judge.

Defendant has moved for summary judgment.

In this case plaintiff's decedent was a passenger in a light aircraft that disappeared from the radar screen at a time when it was approximately 55 miles directly south of the northern shoreline of the Gulf of Mexico.

The flight which resulted in decedent's death was a flight of a single engine, land based, privately owned aircraft. The flight originated in Pensacola, proceeding to New Orleans, Louisiana, and was on its return flight when it crashed into the Gulf of Mexico. It was a pleasure flight.

In a diversity action, the substantive law of the state, including its choice of law rules, must be applied. Florida's test for determining choice of law governs here.

The Florida Supreme Court, in *Bishop v. Florida Specialty Paint Co.*, 389 So.2d 999 (Fla.1980) abandoned the lex loci delicti rule, which applied the substantive law of the place where the injury occurred, in favor of the more reasonable "significant relationships" test contained in the Restatement (2d) of Conflict of Laws, Sections 145–146 (1971).

Here the flight began and was to end in Florida, the decedent's relationship arose with the deceased pilot in Florida, the trip was planned as a one day round trip in Florida, and decedent's estate is being administered in Florida. Under the significant relationship test, the law of Florida should be applied.

Florida's Wrongful Death statute is broad enough to encompass a death upon the high seas.

As is pointed out in *Mobil Oil v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), the court held in *The Harrisburg*, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886) that admiralty afforded no remedy for wrongful death in the absence of an applicable federal or state statute. Thereafter, suits arising out of maritime fatalities were founded on state wrongful death statutes.

In *The Hamilton*, 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264 (1907), the court held that state wrongful death statutes could be applied to death on the high seas.

In 1920, as the court in *Mobil* phrased it, "Congress repudiated the rule of *The Harrisburg* for maritime deaths occurring beyond the territorial waters of any state." It did so by passing DOSHA, the Death On The High Seas Act, found in 46 U.S.C. 761 et seq. In the act it created a remedy in admiralty for wrongful death more than three miles from shore. As the annotation in 66 ALR 2d 1002 points out, while the statute, adopted in 1920, undoubtedly was adopted to provide a cause of action for death on the high seas in connection with sea going vessels, it was thereafter successfully asserted as providing a cause of action for death occurring over or on the high seas as the result of an airplane accident.

However, in *Executive Jet v. Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), a jet aircraft crash landed and sank in the navigable waters of Lake Erie shortly after take off from a Cleveland airport. The plane was on a charter flight to pick up passengers and then continue to White Plains, New York.

The court pointed out that determination whether a tort is "maritime" and thus within the admiralty jurisdiction has traditionally depended upon the locality of the wrong. If the wrong occurred in navigable waters the action was within admiralty jurisdiction. It went ahead to state that test worked well in an era when it was difficult to conceive of a tortious occurrence on navigable waters other than in connection with a waterborne vessel. It concluded the mere fact the wrong occurs, or is located on or over navigable waters, is not sufficient to turn an airplane negligence case into a "maritime" tort and that it is also required the wrong bear a significant relationship to traditional maritime activity.

Under that decision, and subsequent decisions following it, it is apparent there

was no such significant relationship in this case. The land based plane here involved was engaged in a round trip flight, carrying passengers on a pleasure flight, from Pensacola to New Orleans and return. Under *Executive Jet,* and cases following it, plaintiff here has no cause of action arising from a maritime tort, no cause of action cognizable in admiralty, and no cause of action under DOSHA.

In *Mobil,* there was involved a helicopter accident in which passengers were killed. The case was within admiralty jurisdiction—there was present the *Executive Jet* required significant relationship to admiralty. It involved death on the high seas.

The question was whether, in addition to the damages authorized by federal statute, a decedent's survivors may also recover damages under general maritime law. The court said that it realized that, because Congress had never enacted a comprehensive code, admiralty courts have often been called upon to supplement maritime statutes. It held, however, that DOSHA announced the considered judgment of the Congress on some issues, including damages, so that on these there was no gap for the court to fill. It held the damages recoverable were limited to those provided by DOSHA.

Defendant contends this decision makes state wrongful death damages inapplicable in this case. To this court, that contention misses the mark. *Mobil* was concerned with admiralty and general maritime law. It did not attempt to hold that one seeking damages for death occurring on the high seas, as a result of a non maritime tort, was nonetheless confined to the damages prescribed by DOSHA for a cause of action lying in admiralty.

As this court sees it, under defendant's contention, damages for death in a land based plane, not in admiralty jurisdiction, forced out to sea by bad weather would be limited to DOSHA damages if death resulted from a crash just outside the three mile limit but would not be so limited if the plane succeeded in returning far enough to crash on shore.

Conceding arguendo the Congress has the power to supersede a state statute providing a cause of action and a remedy for death resulting from a non maritime tort, the language of DOSHA, as interpreted by *Mobil,* established the Congress has not attempted to do so. Florida's wrongful death statute, in the case presented here, is as fully applicable as it would have been had DOSHA not been enacted.

Defendant's motion for summary judgment should and will be denied.