Jeffrey D. **RUBENSTEIN, as Personal Representative of the Estate of Hiltraud Benndorf, etc., et al., Plaintiffs,**

v.

**PIPER AIRCRAFT CORP., a foreign corporation, Defendant.**

No. 82–2657–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

June 28, 1984.

Andrew Needle, Miami, Fla., Thomas Smith, San Francisco, Cal., for plaintiffs.

Francis Anania, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS

SPELLMAN, District Judge.

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss for *forum non conveniens* an action for wrongful death filed by the Personal Representative of the Decedents' estates against the manufacturer of the airplane in which Decedents perished. The Court having reviewed the record in this cause and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that said motion be and hereby is GRANTED.

This action arose from an accident in which a plane designed and manufactured in Florida by Defendant, a Pennsylvania corporation, crashed on September 6th, 1980 in West Germany. All three victims, citizens and residents of West Germany, were killed. The victims' Personal Representative, a United States citizen, then brought suit in Florida against the Defend-ant. Defendant then moved to dismiss the above styled action.

Florida has abandoned the *lex loci delicti* rule in conflicts of law cases and has instead adopted the "significant relationship test" used in the Restatement (second) of Conflicts of Laws § 145. *Bishop v. Florida Specialty Piant Co.*, 389 So.2d 999 (Fla. 1980). In the instant case, all contacts concerning the crash rest within West Germany, save the one contact which Florida maintains as the state in which the plane was designed and manufactured. Although the Plaintiff asserts that negligent design and manufacture of the plane were the causal factors of the crash and thus Florida indeed has the most significant relationship with the litigation, the Court cannot find jurisdiction on such a debatable claim.

Although a Plaintiff's choice of law should rarely be disturbed, a foreign Plaintiff must not be encouraged to initiate suits in a forum other than his or her own for whatever reason, provided that the Plaintiff can secure an adequate remedy at home. The Supreme Court of the United States recently referred to this situation and stated:

> "Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign Plaintiff's choice deserves less deference."

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

In fact, there has been a serious deficit of evidence showing that the Plaintiff will not be afforded an adequate remedy in West Germany. The Defendant has consented by affidavit to submit to the jurisdiction of West Germany, produce any and all witnesses and documents as ordered by the West German Court, and to enforce in Florida or West Germany any judgment rendered against it by the West German Court. Furthermore, the Defendant shall expressly waive any and all statutes of limitations relevant to wrongful death actions under the laws of West Germany and

Florida, in the event the West German Court applies the law of Florida. In essence, this Court finds that although it may frequently be a difficult decision to follow, it is nonetheless the Supreme Court's ruling that a foreign Plaintiff may not take advantage of an American court merely to increase the chances or rewards of victory. *See Reyno, supra.*

Based upon the foregoing, this cause be and the same is hereby dismissed without prejudice and in accordance with the terms expressed in this order.