509 So.2d 1112 (1987)
H. Richard BATES, Etc., Plaintiff-Appellant,
v.
COOK, INC., Defendant-Appellee.
No. 68972.
Supreme Court of Florida.
July 16, 1987.
*1113 Herbert L. Allen and Lavinia K. Dierking, of Duckworth, Allen, Dyer, P.A., Orlando, for plaintiff-appellant.
Vincent O. Wagner and Steve Zlatos, of Woodard, Weikart, Emhardt & Naughton, Indianapolis, Ind., for defendant-appellee.
Donald M. Middlebrooks, Thomas R. Julin and Norman Davis, of Steel, Hector and Davis, Miami, for amicus curiae American Broadcasting Companies, Inc.
GRIMES, Justice.
Pursuant to section 25.031, Florida Statutes (1985), and Florida Rule of Appellate Procedure 9.150, the United States Court of Appeals for the Eleventh Circuit has certified to this Court the following question:
For the purpose of applying Florida's limitation of actions "borrowing" statute, Fla. Stat. Ann. § 95.10 (West 1982), is the determination whether a cause of action for theft of trade secrets has arisen in a state other than Florida to be made solely with reference to the state in which the "last act necessary to establish liability" occurred, Colhoun v. Greyhound Lines, Inc., 265 So.2d 18, 21 (Fla. 1972), or with reference to the "significant relationships" that the respective states have to the cause of action, Bishop v. Florida Specialty Paint Co., 389 So.2d 999, 1000-01 (Fla. 1980)? Cf. Pledger v. Burnup & Sims, Inc., 432 So.2d 1323 (Fla.App. 4 Dist. 1983), review denied, 446 So.2d 99 (Fla. 1984); Meehan v. Celotex Corp., 466 So.2d 1100 (Fla.App. 3 Dist. 1985); Steiner v. Mt. Vernon Fire Ins. Co., 470 So.2d 3 (Fla.App. 2 Dist. 1985) (per curiam).
Bates v. Cook, Inc., 791 F.2d 1525, 1528 (11th Cir.1986). We have jurisdiction. Art. V, § 3(b)(6), Fla. Const.
The facts which precipitated this lawsuit are set forth in the opinion of the court of appeals. Because we see no reason to treat an action for theft of trade secrets differently than other tort actions, we shall answer the question as if it related to any action arising in tort.
Section 95.10, Florida Statutes (1985), the so-called borrowing statute, reads as follows:
Causes of action arising out of the state.  When the cause of action arose in another state or territory of the United States, or in a foreign country, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.
Thus, the statute bars actions brought in Florida which arise outside the State of Florida and which are time-barred in the jurisdiction in which the cause of action arose. In seeking to apply this statute to a given set of facts, it becomes necessary to determine where the cause of action arose. If the cause of action arose in another state and the action is time-barred because of that state's limitation statutes, the borrowing statute precludes the maintenance of the action in Florida. If the cause of action arose in Florida, the borrowing statute is inapplicable.
With respect to this issue, Florida has followed the rule of lex loci delicti, under which a cause of action sounding in tort arises in the jurisdiction where the last act necessary to establish liability occurred. Colhoun v. Greyhound Lines, Inc., 265 So.2d 18 (Fla. 1972). Until recently, Florida had also followed the rule of lex loci delicti *1114 in substantive conflicts of law determinations. Hopkins v. Lockheed Aircraft Corp., 201 So.2d 743 (Fla. 1967). However, in Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980), this Court departed from the traditional lex loci delicti rule and adopted the significant relationships test as set forth in the Restatement (Second) of Conflict of Laws §§ 145-46 (1971). The Court held that in tort actions involving more than one state, all substantive issues should be determined in accordance with the law of the state having the most significant relationship to the occurrence and the parties.
The question before us is whether the same test should now also be applied in deciding conflicts of law involving statutes of limitation. In Pledger v. Burnup & Sims, Inc., 432 So.2d 1323 (Fla. 4th DCA 1983), review denied, 446 So.2d 99 (Fla. 1984), the Fourth District Court of Appeal declined to do so in the absence of a statement of legislative will or a ruling by the supreme court. Pledger was a libel and slander action in which, with respect to the issue under consideration, the libel was published in New York even though Florida had the most significant relationships with that issue. The court applied the rule of lex loci delicti to hold that the shorter New York statute of limitations applied.
As in Pledger, the justification usually given for applying a different test is that limitation statutes are matters of procedure rather than substance. This position has been universally assailed by the commentators. R. Weintraub, Commentary on the Conflict of Laws, § 3.2C2 (3d ed. 1986); Lorenzen, The Statute of Limitations and the Conflict of Laws, 28 Yale L.J. 492 (1919); Milhollin, Interest Analysis and Conflicts Between Statutes of Limitation, 27 Hastings L.J. 1 (1975); Morley, Applying the Significant Relationships Test to Florida's Borrowing Statute, 59, no. 7, Fla.B.J. 17 (July-August 1985); Reese, The Second Restatement of Conflict of Laws Revisited, 34 Mercer L.Rev. 501 (1983). According to Professor Lorenzen:
There is no reason, as regards statutes of limitation ... why the internal test, which classifies them as procedural or as relating to the remedy, should be carried over into the conflict of laws. A right which can be enforced no longer by an action at law is shorn of its most valuable attribute. After the enforcement of the right of action is gone under the law governing the rights of the parties, it would seem clear upon principle that the same consequences should attach to the operative facts everywhere.
28 Yale L.J. at 496. In recent years, several courts have accepted this view. E.g., Tomlin v. Boeing Co., 650 F.2d 1065 (9th Cir.1981); Myers v. Cessna Aircraft Corp., 275 Or. 501, 553 P.2d 355 (1976).
The position taken by the American Law Institute is particularly pertinent to our consideration because in choosing the significant relationships test to decide conflicts in substantive law, we adopted the test as described in Restatement (Second) of Conflicts of Laws. Bishop, 389 So.2d at 1001. Formerly, the Restatement maintained a rule which provided that the statute of limitations of the forum state would always control unless the shorter foreign statute of limitations barred not only the remedy but also the right. Restatement (Second) of Conflict of Laws §§ 142, 143 (1971). However, in 1986, the American Law Institute approved the revision of section 142 to read:
An action will be maintained if it is not barred by the statute of limitations of the forum unless the action would be barred in some other state which, with respect to the issue of limitations, has a more significant relationship to the parties and the occurrence.
54 U.S.L.W. 2597 (May 27, 1986). Reporter Willis L.M. Reese of the Institute explained that the revision embodied a trend away from calling statutes of limitation procedural and provides that the issue of which statute of limitations applies should be determined like any other choice of law issue. Id. at 2597.
We are now convinced that just as in the case of other issues of substantive law, the significant relationships test *1115 should be used to decide conflicts of law questions concerning the statute of limitations. Our ruling does not do violence to Florida's borrowing statute. We simply hold that the significant relationships test should be employed to decide in which state the cause of action "arose." The borrowing statute will only come into play if it is determined that the cause of action arose in another state.
Having answered the certified question, we now return the record to the United States Court of Appeals for the Eleventh Circuit.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.