587 So.2d 570 (1991)
Georgia M. JONES, Appellant,
v.
David Michael COOK and Fairchild-Florida Const. Co., Appellees.
No. 91-183.
District Court of Appeal of Florida, First District.
October 4, 1991.
Rehearing Denied November 14, 1991.
*571 J. Stanley Chapman of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, and Christiana T. Moore, Tallahassee, for appellant.
Gordon D. Cherr of McConnaughhay, Roland, Maida, Cherr and McCranie, P.A., Tallahassee, for appellees.
JOANOS, Chief Judge.
Georgia M. Jones has appealed an order of the trial court granting appellees' motion for summary judgment, on the ground that Jones' personal injury action, filed in Florida, was time-barred by the Georgia statute of limitations. We affirm.
Jones is a Florida resident. On December 12, 1984, she was driving on her daily commute to a teaching job in Georgia. While in Georgia, Jones' car was struck by a vehicle registered in Florida, titled to a Florida corporation (appellee Fairchild-Florida Construction Co.), and being driven on corporation business by appellee Cook, a Florida resident. Almost four years later, on December 8, 1988, Jones filed a personal injury action against appellees in Florida for injuries suffered in the Georgia accident.
In October 1990, appellees filed the instant motion for summary judgment, alleging that because Georgia law governed the rights and liabilities of the parties as to the accident, the two-year Georgia statute of limitations applied and had run on December 12, 1986. Appellant responded that Florida law should govern the action, under the "significant relationship test" adopted in Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980).
Prior to Bishop, the law in Florida was that the place where the accident occurred controls the choice of law. However, Bishop established that the rule thereafter would conform to that stated in sections 145-146 of the Restatement (Second) of Conflict of Laws, i.e., that the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless with respect to the particular issue, some other state has a more significant relationship to the parties and the occurrence. After hearing arguments of the parties and receiving written memoranda, the trial court granted summary judgment in favor of appellees.
Section 95.10, Florida Statutes (1989) provides that:
When the cause of action arose in another state ... and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.
This is the so-called "borrowing statute," which bars actions brought in Florida which arise outside the state and which are time-barred in the jurisdiction in which the cause of action arose. In seeking to apply the statute to a given set of facts, it is necessary to determine where the cause of action arose. If it arose in another state, and the action is time-barred because of that state's limitations statutes, the borrowing statute precludes the maintenance of the action in Florida. If the cause of action arose in Florida, the borrowing statute is inapplicable. Bates v. Cook, Inc., 509 So.2d 1112, 1113 (Fla. 1987).
In Bates, the Florida Supreme Court addressed a question certified to it by the United States Court of Appeals for the Eleventh Circuit:
For the purpose of applying Florida's limitations of actions "borrowing" statute ... is the determination whether a cause of action [in tort] has arisen in a state other than Florida to be made solely with reference to the state in which the "last act necessary to establish liability" occurred, Colhoun v. Greyhound Lines, Inc., 265 So.2d 18, 21 (Fla. 1972), or with reference to the "significant relationships" that the respective states have to the cause of action, Bishop v. Florida *572 Specialty Paint Co., 389 So.2d 999, 1000-01 (Fla. 1980)?
The court held that, just as in the case of other issues of substantive law, the "significant relationships" test should be used to decide conflicts of law questions concerning the statute of limitations. However, the court was careful to note that its ruling "[did] not do violence to Florida's borrowing statute," but meant simply that the significant relationships test should be employed to decide in which state the cause of action "arose." The borrowing statute would only come into play if it was determined that the cause of action arose in another state. Bates at 1114-15.
In view of Bates, the application of section 95.10 is now clearly dependent on whether there are significant relationships which establish that the cause of action arose in another state. Celotex Corp. v. Meehan, 523 So.2d 141, 144 (Fla. 1988). The criteria for determining whether significant relationships exist are set forth in the Restatement (Second) Conflict of Laws § 145(2), which requires consideration of:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
Celotex at 144. We find that (d) is inapplicable in our case, because the parties had and have no relationship other than that created by the accident. As for the remaining factors, the injury, and the conduct causing the injury, occurred in Georgia. The parties were domiciled and resided in Florida. However, appellant's "place of business" (her teaching job) was in Georgia, appellee did business in Georgia on a regular basis, and the accident occurred when both parties were in Georgia for their respective business purposes.
Once again, if the cause of action arose in another state, and the action is time-barred because of that state's limitation statutes, the borrowing statute precludes the maintenance of the action in Florida. Lumbermens Mutual Casualty Co. v. August, 530 So.2d 293, 295 (Fla. 1988), citing Bates. Applying the "significant relationships" test to the question of where the cause of action herein arose, we conclude that the trial court correctly determined that it arose in Georgia. It is undisputed that appellant's personal injury action was filed outside of Georgia's two-year statute of limitations for such actions. Ga. Code Ann. § 9-3-33. Therefore, the borrowing statute precludes the maintenance of the action in Florida, and the trial court correctly granted summary judgment in favor of appellees.
Affirmed.
SMITH and ZEHMER, JJ., concur.