**Joanna DIGIOIA, Vincent Digioia, Plaintiffs–Appellants,**

v.

**H. KOCH & SONS, DIVISION OF WICKES MANUFACTURING COMPANY, A Delaware Corporation, Defendant–Appellee.**

No. 90–5832.

United States Court of Appeals, Eleventh Circuit.

Oct. 9, 1991.

Loren H. Cohen, Stephen L. Malove, Malove Kaufman & Marbin, P.A., Miami, Fla., for plaintiffs-appellants.

Jeffrey B. Shapiro and Judy Dale Shapiro, Herzfeld and Rubin, Miami, Fla., for defendant-appellee.

Before FAY, Circuit Judge, and CLARK and HENDERSON, Senior Circuit Judges.

PER CURIAM:

The plaintiffs-appellants, Joanna and Vincent Digioia appeal the grant of a sum-

mary judgment by the United States District Court for the Southern District of Florida in favor of the defendant-appellee, H. Koch & Sons (Koch), in a products liability suit. The district court concluded that the cause of action arose in California and, applying Florida's "borrowing statute," held that California's one-year statute of limitations barred the prosecution of the action for injuries to the plaintiff, Joanna Digioia, filed almost two years later. Finding no error in the district court's analysis, we affirm.

## I.

On October 4, 1989, Joanna Digioia, a flight attendant employed by Eastern Airlines, and her husband, Vincent, filed a two-count complaint in the Circuit Court of Dade County, Florida, for injuries she allegedly sustained while operating an airline food cart on December 12, 1987 aboard an Eastern flight from Los Angeles, California to Miami, Florida. Count I alleged that Koch negligently designed, manufactured, tested, inspected and failed to warn of the hazards inherent in the customary usage of the food cart. Count II, asserting strict liability, claimed that Koch placed in the stream of commerce defective food carts. The alleged defects included the use of inferior materials and faulty design and workmanship.

Predicated on diversity of citizenship, Koch removed the action to the United States District Court for the Southern District of Florida on October 24, 1989. Koch is an unincorporated division of Wickes Manufacturing Company with its principal place of business in California. Thereafter, on November 7, 1989, Koch filed its answer and affirmative defenses, one of which alleged that the Digioias' claims were barred by the statute of limitations. The basis for this defense was that under Florida's "borrowing statute" [1] the California one-year statute of limitations applied [2] because the cause of action arose in that state and, hence, the time for filing this suit had expired. Florida law provides a four-year statute of limitations for negligence and strict liability actions. *See* Fla.Stat.Ann. § 95.11(3)(a) and (e) (West 1982). The Digioias filed a general denial to Koch's affirmative defenses.

Koch filed a motion for summary judgment on December 18, 1989, reasserting that Florida's borrowing statute and choice-of-laws rules barred the action because, under the "significant relationship" test,[3] the claim arose in California and, consequently, its statute of limitations governed the time for filing this action. Along with the motion Koch filed a memorandum of law and a concise statement of material facts not in dispute in accordance with the District Court Rules for the Southern District of Florida 10(A) and 10(J) (hereinafter rule(s)).[4] The Digioias filed their memorandum of law in response to Koch's motion for summary judgment on February 8,

---

**1.** Fla.Stat.Ann. § 95.10 (West 1982) commonly known as Florida's borrowing statute is entitled *Causes of action arising out of the state* provides:

When the cause of action arose in another state or territory of the United States, or in a foreign country, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state. *Id.*

**2.** *See* Cal.Civ.Pro.Code § 340 (Deering 1991).

**3.** The significant relationship test is used in choice-of-law situations to determine the state where the claim arose. *See* Restatement (Second) Conflict of Laws, §§ 6, 145 (1971) (hereinafter Restatement) and text *infra*.

**4.** The local rules of the United States District Court for the Southern District of Florida re-

quire the filing of certain memoranda with certain motions. Rule 10(A) mandates that the filing of a motion for summary judgment should be accompanied with "a memorandum of law citing supporting authorities." *Id.* Rule 10(J)(2) also requires that the filing of a motion for summary judgment should be "accompanied by a memorandum of law, necessary affidavits, ..., and a concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. The papers opposing a motion for summary judgment shall include a memorandum of law, ..., and a concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried. *All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the opposing party's statement.*" *Id.* (Emphasis added.)

1990. The memorandum of law, filed pursuant to rule 10(A), cited three unreported state cases. The plaintiffs failed to submit a concise statement of the material facts deemed to be at issue as required by the local rules.

The district court heard arguments on the motion on February 15, 1990. The court, on September 17, 1990, granted Koch's motion for summary judgment based on a recently decided district court case, the facts of which were virtually identical to those here. *See Whitman v. H. Koch & Sons*, Doc. No. 88–2183–CIV–Nesbitt (S.D.Fla. December 5, 1989). In *Whitman* the district court granted summary judgment in favor of Koch because it found that under the four factors of the significant relationship test articulated in section 145 of the Restatement,[5] the action arose in California. The court found that three of the factors were inconclusive in resolving which state had the most significant relationship to the action, but that the second factor, the place of the alleged tortious conduct, weighed more heavily in favor of California as the state where the cause of action arose.

## II.

It is uncontroverted that Digioia was injured while using one of Koch's food carts during the Eastern flight on December 12, 1987. There is also no question that the flight on which she was injured originated from Los Angeles, California, and that Digioia was a resident of Florida. What is disputed is how these and other facts affect the outcome of the substantial relationship test.[6]

At some time between 1969 and 1971 Lockheed Aircraft Corporation solicited proposals for the design and manufacture of food and beverage carts for the L–1011 aircraft. At that time Koch submitted a proposal but was unsuccessful in procuring a contract for the manufacture of the carts

originally installed in the aircraft. However, in 1971, Eastern Airlines approached Koch to submit a proposal for the design and manufacture of food carts to complement those already on hand for use in L–1011 planes operated by it. At that time Koch was a division of Gulf and Western Manufacturing Company. At all times pertinent to this litigation Koch's principle place of business was and continues to be located in California. Ultimately, Eastern Airlines confirmed a purchase order whereby it authorized Koch to design, develop, test and build food, beverage and waste carts for its L–1011 aircraft. On December 22, 1971, Eastern sent a mailgram confirming its verbal assent on November 4, 1971, for Koch to make specific design changes.

Koch manufactured and tested the various carts. Almost all of the design discussions and all aspects of the manufacturing of the carts occurred in California. Eastern officials occasionally traveled to Koch's facilities to observe the construction and testing processes. On at least two occasions Eastern officials made specific requests for design changes and Koch complied with these requests. Delivery of the carts began sometime in 1972 and ended in early 1974. All of the deliveries were made in California with the carts being shipped Free on Board (F.O.B.), Corte Madera or Anaheim, California.

## III.

The standard of review of a district court's grant of a motion for summary judgment, in its most simplistic application, is whether there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 273 (1986); Fed.R.Civ.P. 56(c). However, in *Celotex*, the Supreme Court elaborated on the shifting burdens of the parties dur-

---

5. These factors are 1) the place where the injury occurred; 2) the place where the tortious conduct occurred; 3) the residence or domicil of the parties; and 4) the place where the relationship between the parties is centered.

6. We emphasize that the facts as set out in Koch's concise statement of facts not at issue are deemed admitted because of the plaintiffs' failure to file a statement of material facts at issue as required by local rule 10(J)(2).

ing the resolution of a summary judgment motion stating that "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance" on the pleadings, depositions and admissions before the court unless the nonmoving party goes beyond what was initially filed and files additional evidence to defeat the moving party's motion. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. There are no facts in dispute. Consequently, our review of the district court's grant of summary judgment in favor of Koch is whether the district court correctly applied the law to the facts.

The issue in this case is where the cause of action arose, Florida or California, and thus, which state's statute of limitations governs the time for filing a tort claim. Federal courts, sitting in diversity, are bound by the *Erie* doctrine to look to the law of the forum state in resolving this conflict. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). As noted previously, if the claim arose in another state and the time for filing suit has expired under the law of that state, the action is barred in Florida by reason of Florida's "borrowing statute." Fla.Stat. Ann. § 95.10 (West 1982). The inquiry must, of necessity, focus on how Florida's choice-of-law rules apply to the facts of a particular case. The Florida Supreme Court has adopted the significant relationship test as defined in section 145 of the Restatement as the guide for use in choice-of-law cases involving statute of limitation questions. *Bates v. Cook, Inc.*, 509 So.2d 1112 (Fla.1987), *Kramer v. Piper Aircraft Corp.*, 868 F.2d 1538 (11th Cir.1989). Section 145 of the Restatement is one of two sections referred to by the court in determining which forum has the greater interest in the litigation:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrences and the parties under the principles of § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

*Id.*

The other provision, section 6, deals with the policy considerations that underlie all choice-of-law tests in the Restatement:

*Choice-of-Law Principles*

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interest of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

*Id.*

Florida does not have a "statutory directive ... on choice of law," therefore we are bound to apply section 145(2) of the Restatement to the facts of this case. "The courts have formulated few hard-and-fast rules to guide the application of these principles.... Conflict-of-laws questions thus cannot be resolved by reciting general pronouncements; to determine which sovereign has the 'most significant relationship' to a particular issue, a court must

instead examine the facts and circumstances presented in each particular case." *Judge v. American Motors Corp.*, 908 F.2d 1565, 1568 (11th Cir.1990).

The panel in *Judge* applied the significant relationship test to determine whether Florida, Michigan or Mexican law controlled the disposition of a wrongful death suit. The choice-of-law question arose out of a Jeep accident in Mexico. The plaintiffs alleged that American Motors Corporation (AMC) was strictly liable for production of a defective Jeep vehicle. The suit was filed in the United States District Court for the Middle District of Florida. The defendant was licensed to do business in various states but its principal place of business was in Michigan. The vehicle was actually manufactured in Mexico under a license from AMC. However, the plaintiffs chose not to sue the Mexican manufacturer. The court analyzed the choice-of-law question under the factors listed in section 145(2).

In applying the four factors of the substantial relationship test we follow the reasoning of the district court here and that of *Whitman v. H. Koch & Sons, supra.* As in *Whitman,* we are mindful of the policy considerations of section 6 of the Restatement which underlie all choice-of-law tests.

The fourth factor in section 145 is the place where a relationship, if any, exists between the parties. Restatement § 145(2)(d). In this case the only relationship the parties share is their connection with Eastern Airlines, which is not a party to this litigation. Consequently, for the purposes of this suit, if a central location for the relationship existed, that locality would have to be California since almost all of the business contacts between Koch and Eastern occurred in California. Therefore, because Eastern is a non-party, this factor has little impact on the determination of which state, Florida or California, has an interest in the litigation.

Section 145 also directs that we give consideration to the domicil or principal place of business of the parties. *Id.* § 145(2)(c). In this case Digioia is domiciled in Florida. Because she lives in Flor-

ida, that state has an interest in providing her a forum in which to redress her injuries. Koch's principal place of business is in California and because Wickes Manufacturing Company is incorporated in Delaware, Koch is also domiciled in Delaware. California has an interest in preventing tortious conduct that occurs within its borders and consequently has an interest in applying its laws to this cause of action. Delaware's interest, though attenuated, is similar to that of California. As with the fourth factor, the domicil of the parties is inconclusive because both states have interest in the litigation. By process of elimination either the first or second factor under the significant relationship test must determine where the claim arose and subsequently which state's law applies.

As discussed earlier, the injury occurred over unknown airspace between Los Angeles, California and Miami, Florida. There is nothing in the record to indicate the airplane's approximate location at the time of the injury other than circumstantial evidence that the injury occurred in airspace over the western half of the United States. Thus, given these sparse facts with respect to the place of injury, we are unable to ascertain the state with a greater interest in the outcome of the litigation under the first factor.

In most tort actions the cause is said to have arisen in the forum where the injury occurred. As we have observed, that cannot be determined in this instance. Although there is no precedent in this circuit to guide us in ascertaining where the cause of action arose when the place of injury is unknown, another circuit has squarely addressed this problem in the choice-of-law context. The Seventh Circuit Court of Appeals stated:

> It is widely recognized that the place of injury in cases involving aircraft accidents is almost always fortuitous,.... The Restatement ... provides, for example, that where the place of injury is indeterminate or fortuitous the law of the place of misconduct, ... should be given greater weight.

814

*Pittway Corp. v. Lockheed Aircraft Corp.,* 641 F.2d 524, 528 (7th Cir.1981). *Pittway,* therefore, is instructive in pointing to the second factor (the state where the tortious conduct occurred) as the predominate factor in determining the place where the "action arose."

Digioia's injury could not have occurred "but for' the fact she tried to move the cart from its storage area. However, the proximate cause of her injury was the alleged negligent manufacture of the cart. The cart was manufactured by Koch in California. We must conclude that, for purposes of Florida's borrowing statute, the "claim arose" in California. Therefore, we must adhere to the time restrictions imposed by the California statute of limitations. Under that state's statute of limitations, the plaintiff had one year from the date of her injury to file an action for strict liability. The injury was sustained in December, 1987, and this suit was filed in October, 1989. Hence, this action cannot be "maintained in" Florida in as much as California's "law[ ] forbid[s] the maintenance of the action because of lapse of time." Fla. Stat.Ann. § 95.10 (West 1982).

For the foregoing reasons the district court's order granting Koch's motion for summary judgment is

AFFIRMED.