Lester A. ROSENBLUM and, Thelma H. Rosenblum, Plaintiffs,

v.

WARNER & SONS, INC. and Reith–Riley, City of Elkhart, Indiana, Defendants.

Civ. No. S 89–432(S).

United States District Court, N.D. Indiana, South Bend Division.

Feb. 17, 1993.

Charles Asher and James Groves of South Bend, IN, for plaintiffs.

Andrew Sulen, Jr., South Bend, IN, for defendant Warner & Sons, Inc.

Peter Agostino, Kalamaros and Associates in South Bend, IN, for defendant Reith–Riley.

Robert T. Sanders III, Elkhart, IN, for defendant Elkhart Common Counsel.

## MEMORANDUM AND ORDER

ALLAN SHARP, Chief Judge.

Magistrate Judge Robin D. Pierce filed a Report and Recommendation on January 28, 1993, which was properly served on all counsel of record in this case. On February 8, 1993, the defendant Warner & Sons, Inc. filed an objection and authority in support thereof.

This court has carefully examined the objection and authorities filed by the defendant Warner & Sons, including the pieces of depositions of Nathaniel Smith and Gary Richey, as well as Florida decisions *Bates v. Cook, Inc.,* 509 So.2d 1112 (Fla.1987), and *Jones v. Cook,* 587 So.2d 570 (Fla.App.1991). It needs to be mentioned that Magistrate Judge Pierce decided and apparently considered both *Bates* and *Jones* as provided to this court by counsel for Warner & Sons pursuant to Local Rule 38.

The legal issues in this case are difficult ones about which highly competent lawyers and judges can have honest disagreements. It appears that Magistrate Judge Pierce in his Report and Recommendation thoroughly and carefully considered all of the issues that are argued for by defendant Warner & Sons in the brief of February 8, 1993. To put it bluntly, this court could not do better and might do worse. This court is most familiar with procedural history of this case and has repeatedly imposed upon the magistrate judge for assistance on a number of items. That assistance has been unfailing and most helpful. Notwithstanding the elaborate intensity with which counsel for Warner & Sons makes arguments on February 8, 1993, this court is in accord with the reasoning and result embodied in the Report and Recommendation of the magistrate judge entered on January 28, 1993. Said Report and Recommendation is now **APPROVED** by this court and will be a part of the law in this case with reference to its further progress in this court.

Since this case is now set for jury trial on Monday, June 7, 1993 at 1:30 p.m., Magistrate Judge Pierce is ordered to conduct a final pretrial conference with counsel and to insure that a full pretrial order is signed and endorsed by all counsel well in advance of that trial date. **IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

PIERCE, United States Magistrate Judge.

Under Indiana's Comparative Fault Act, IND.CODE 34–4–33–1 to –10, the trier of fact must determine the percentage of fault attributable to each party and nonparty. IND.CODE 34–4–33–5. "Nonparty" is defined as "a person who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant." IND.CODE 34–4–33–2(a). Accordingly, a defendant may assert, as an affirmative defense, "that the damages of the claimant were caused in full or in part by a nonparty." IND.CODE 34–4–33–10(a). Warner & Sons, Inc. ("Warner") and Reith–Riley, two of the defendants in this personal injury negligence action, have requested leave to amend their answers in order to plead nonparty defenses. For the reasons which follow, it is recommended that their motions be denied.

### Background

On September 1, 1987, plaintiffs Lester and Thelma Rosenblum, residents of Florida, were towing an Airstream trailer with their 1976 Mercedes on East Jackson Boulevard in Elkhart, Indiana, when the trailer hitch attached to the rear of their automobile apparently struck a raised manhole. This occurred in an area where defendants Warner and Reith–Riley, both Indiana corporations as well as Indiana residents, were engaged in a sanitary sewer project for the City of Elkhart. On August 28, 1989, the Rosenblums filed the present action against Warner and Reith–Riley in the Elkhart Circuit Court, seeking recovery for personal injuries, loss of consortium and property damage.

Based upon diversity of citizenship, the Rosenblum's action was subsequently removed to this court and, on July 30, 1990, they were granted leave to file an amended

complaint naming the City of Elkhart as an additional defendant. During a preliminary pretrial conference conducted on March 30, 1990, Judge Sharp established an initial discovery deadline of December 31, 1990. That deadline was later extended to September 30, 1992, and trial is presently scheduled to begin on June 7, 1993.

On September 25, 1992, over five years after the accident, more than three years after the filing of the complaint, and five days before the close of discovery, Warner filed a motion for leave to amend its answer to include a nonparty defense. Specifically, Warner asserted that "[o]n September 17, 1992, Charlie French, a mechanical engineer with expertise in the design and operation of hitches, testified that the receiver installed under plaintiff's vehicle was inadequate and improper for towing;" that "Nathaniel Smith, a resident of Florida, installed the receiver in question;" and that he "should be named as a non-party defendant." Reith–Riley joined in Warner's motion on September 30, 1992, asserting that "[u]ntil September 17, 1992, when the deposition of Charles French was taken, defendant did not realize that there would be evidence to assert negligence on the part of Nathaniel Smith and/or Do All Welding." On October 2, 1992, the Rosenblums filed an objection to Warner's motion, asserting that "[d]efendants were notified no later than May 11, 1990 (by sworn answers to interrogatories) of the company (Doall Welding, Inc.) that placed the receiver and hitch on the Rosenblum vehicle;" that Mr. Nathaniel Smith was the person who actually did the welding; that defendants' failure to raise the nonparty defense sooner deprived them of the opportunity to sue Smith or Doall Welding; and that to allow defendants to plead the nonparty defense at this juncture would be extremely prejudicial.

*Discussion*

 To provide a plaintiff with a fair opportunity to sue persons subject to allocation of fault under a defendant's nonparty defense, the Indiana Legislature established certain time limitations in IND.CODE 34–4–33–10(c):

A nonparty defense that is known by the defendant when he files his first answer shall be pleaded as a part of the first answer. A defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness. However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. The trial court may alter these time limitations or make other suitable time limitations in any manner that is consistent with:

> (1) giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and

> (2) giving the claimant a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim.

The Rosenblums argue that they could not have sued Nathaniel Smith and Doall Welding in Indiana, since Indiana courts would not have had personal jurisdiction over Smith or Doall under Rule 4.4 of the Indiana Rules of Procedure, Indiana's long-arm statute. Rather, the Rosenblums assert that they could only have sued Smith and Doall in Florida, which provides a four-year statute of limitations for negligence and strict liability actions. Fla.Stat.Ann. § 95.11(3)(a) and (e) (West 1982). Because there would have been more than 150 days left on a four-year limitations period when Warner and Reith–Riley were served with the complaint and summons in this action, the Rosenblums contend that IND.CODE 34–4–33–10(c) required defendants to raise any nonparty defenses with respect to Smith and Doall no later than 45 days prior to the expiration of the four-year period of limitations (by July 18, 1991, according to the court's calculation).

Warner and Reith–Riley do not challenge the Rosenblums' premise that they could only have sued Smith and Doall in Florida. Instead, Warner and Reith–Riley rely upon

Florida's "borrowing statute," Fla.Stat.Ann § 95.10 (West 1982),[1] which bars actions brought in Florida that would otherwise be time-barred in the jurisdiction in which the cause of action arose. Arguing that any action by the Rosenblums against Smith and Doall would have arisen in Indiana, Warner and Reith–Riley contend that any such action filed in Florida would be governed by Indiana's two-year statute of limitations for negligence actions; that a two-year limitations period would have expired only four days after the filing of the complaint and before they could possibly have been expected to plead any nonparty defenses with regard to Smith and Doall; and that the time limitations prescribed in IND.CODE 34–4–33–10(c) are thus inapplicable. The Rosenblums counter by pointing out that under the applicable Florida choice of law rule, an action against Smith and Doall would have arisen in Florida, not Indiana, and Florida's borrowing statute would not be triggered.

■ The court must agree with the Rosenblums that Florida's four-year statute of limitations would apply to a negligence action brought against Smith or Doall in Florida. The Supreme Court of Florida has adopted the "significant relationships" test from the Restatement (Second) Conflict of Laws § 145 (1971), for purposes of deciding choice of law questions involving the statute of limitations in tort actions. *Bates v. Cook, Inc.*, 509 So.2d 1112 (Fla.1987). *See Digioia v. H. Koch & Sons*, 944 F.2d 809, 812 (11th Cir. 1991); *Judge v. American Motors Corp.*, 908 F.2d 1565, 1568 (11th Cir.1990); *Kramer v. Piper Aircraft Corp.*, 868 F.2d 1538 (11th Cir.1989); *Celotex Corp. v. Meehan*, 523 So.2d 141, 144 (Fla.1988); *Jones v. Cook*, 587 So.2d 570, 572 (Fla.App. 1 Dist.1991). Section 145 of the Restatement provides as follows:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most

significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account n applying the principles of § 6 to determine the law applicable to an issue include:

 (a) the place where the injury occurred,

 (b) the place where the conduct causing the injury occurred,

 (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

 (d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

In *Bishop v. The Florida Specialty Paint Co.*, 389 So.2d 999 (Fla.1980), the Supreme Court of Florida observed that "[t]he state where the injury occurred would, under most circumstances, be the decisive consideration in determining the applicable choice of law." *Id.* at 1001. However, the court also recognized that "the state where the injury occurred may have little actual significance for the cause of action," and noted that "[o]ther factors may combine to outweigh the place of injury as a controlling consideration." *Id.* The latter is the situation here.

According to Warner's Motion to Amend Answer (which was later joined in by Reith–Riley), the proposed nonparty defense had its origin in the deposition testimony of Warner's expert, Charles French, who indicated that "the receiver installed under plaintiff's vehicle was inadequate and improper for towing." Assuming that the accident resulted from the inadequacy of the hitch or its improper installation, as defendants maintain, the location where the accident and injury occurred, Elkhart, Indiana, would have been purely fortuitous. Thus, in light of the particular theory underlying the proposed nonparty defense, the place of the accident or injury would be of little, if any, significance

---

1. Fla.Stat.Ann. § 95.10 (West 1982) provides: "When the cause of action arose in another state or territory of the United States, or in a foreign country, and its laws forbid the maintenance of the action because of the lapse of time, no action shall be maintained in this state." The Supreme

Court of Florida has observed that the purpose of this statute is to "discourage 'forum shopping' and the filing of lawsuits in Florida that have already been barred in the jurisdiction where the cause of action arose." *Celotex Corp. v. Meehan*, 523 So.2d 141, 143 (Fla.1988).

for purposes of deciding where the Rosenblums' cause of action against Smith and Doall arose.

The remaining factors point to Florida as the state having the most significant relationship to a cause of action by the Rosenblums against Smith and Doall. In this regard, the conduct causing the injury—the installation of the hitch—occurred in Florida. In addition, the Rosenblums are Florida residents; Nathaniel Smith is a Florida resident; and Doall Welding, Inc. is evidently a Florida corporation with its place of business in Lake Worth, Florida. Although Warner and Reith–Riley suggest that account should also be taken of the fact that they are domiciled in Indiana, as well as the fact that defendant City of Elkhart is an Indiana municipality, such contacts are of no significance for purposes of determining where the Rosenblums negligence cause of action against Smith and Doall arose. The court is not here being called upon to decide what law ought to apply to the Rosenblums' present action against Warner, Reith–Riley and the City of Elkhart. Under the significant relationships test, it is thus clear that any tort cause of action by the Rosenblums against Smith or Doall concerning the installation of the hitch would have arisen in Florida, and Florida's four-year statute of limitations would apply.

Here, the accident occurred, and any negligence cause of action in favor of the Rosenblums against Smith and Doall would have accrued, on September 1, 1987. When the Rosenblums filed the present action against Warner and Reith–Riley on August 28, 1989, more than two years was left to run under Florida's four-year statute of limitations. Because Warner and Reith–Riley were served with the complaint and summons more than 150 days prior to the expiration of that limitation period, they would have been required under IND.CODE 34–4–33–10(c) to plead any nonparty defense involving Smith or Doall at least 45 days prior to the expiration of that period on September 1, 1991. They did not seek to do so until September 25, 1992, and that was too late.

Although IND.CODE 34–4–33–10(c) does authorize a trial court to alter the time limitations for raising a nonparty defense, any such limitations must be consistent with affording the defendant "a reasonable opportunity to discover the existence of a nonparty defense," and giving the plaintiff "a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation...." In view of the chronology of events in this case, there is no way this court could alter the time limitations in the statute so as to allow Warner and Reith–Riley to assert their proposed nonparty defenses while still affording the Rosenblums a reasonable opportunity to sue Nathaniel Smith and Doall Welding in Florida.

For the foregoing reasons, it is **RECOMMENDED** that defendants' motions for leave to amend their answers be **DENIED.**

ANY OBJECTIONS to this report and recommendation must be filed with the Clerk of courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Lockert v. Faulkner,* 843 F.2d 1015 (7th Cir.1988); *Video Views, Inc. v. Studio 21 Ltd.,* 797 F.2d 538 (7th Cir.1986).

Dated this 28th day of January, 1993.