Associate Chief Justice Lee,
concurring:
¶ 30 I agree with and thus concur in the majority opinion in full. Specifically, I agree that Federated Capital’s cause of action is subject to a four-year Pennsylvania statute of limitations under our Utah borrowing statute, Utah Code section 78B-2-103. And I concur in the court’s conclusion that Federated’s claim is time-barred because it was not filed within the four-year limitations period under Pennsylvania law.
¶ 31 The majority rightly rejects the two challenges to this holding advanced by Federated Capital—that the forum-selection clause in the parties’ credit agreement dictated the application of the six-year limitations period under Utah law, and that the same clause foreclosed the conclusion that the cause of action is “not actionable by reason of the lapse of time.” I concur in the court’s analysis on these issues,
¶ 32 I write separately, however, to emphasize the limited nature of the court’s decision in this case. I note, in particular, that the court’s decision follows from a key concession made by Federated Capital in the course of this litigation—that its. “cause of action ar[o]se[ ] in another jurisdiction” (Pennsylvania). See supra ¶ 17. And I would emphasize that this concession takes a threshold question—of the applicability of the borrowing statute in a case like this one—off the table.
¶ 33 This is an important question that a court should take up in a future case, and that should not be deemed to be foreclosed by our. decision today. It is by no means a foregone conclusion that a claim asserted under a credit agreement like Federated Capital’s should be deemed to trigger the borrowing statute.. The agreement in question contains not just a forum-selection clause but also a choice-of-law clause. See supra ¶ 1. And because the choice-of-law clause dictates the application of Utah law, it is at least arguable that Federated’s claim arises not in Pennsylvania but in Utah.
¶ 34 The borrowing statute’s “arises in” formulation, after all, is at least arguably a reference to a choice-of-law principle.[36] And the choice-of-law determination in a case like this one is dictated not by the common-law inquiry into place of performance or most significant relationship, but by the choice-of-law clause itself (which all agree is enforceable).[37] In light of the choice-of-law clause, there can be no question that Utah law controls the disposition of this case. See supra ¶ 11 (acknowledging that both substantive and procedural law of Utah controls in this case). And for that reason it is at least arguable that Federated’s claim “arises in” Utah and not in “another jurisdiction.”
¶ 35 This question came up at oral argument in this case. And Federated expressly *231 waived any reliance on the notion that its claim arises in Utah.[38] For that reason I concur in the majority’s analysis, which is premised on Federated’s waiver of any argument that its claim arises outside of Pennsylvania. Federated’s waiver is a binding one. And it forecloses our ability to assess the question I highlight here.
¶ 36 This issue should be decided in a future case. When the argument is squarely raised, our courts should decide whether the borrowing statute’s “arises in” formulation is a reference to applicable choice-of-law rules or is dictated simply by the longstanding “place of performance” test.
. ¶ 37 I see arguments going both ways on this question. Our precedent, after all, long ago interpreted the borrowing statute as incorporating the place of performance test. See Lawson v. Tripp, 34 Utah 28, 95 P. 520, 522-23 (1908). And it is certainly possible to view the statute as retaining that test going forward. Presumably that was Federated Capital’s view, and why it conceded that its claim arose in Pennsylvania. But it also seems possible to interpret the statute as embracing whatever evolving standard our law has adopted for choosing the governing law. If so, a claim arising under a contract with an enforceable choice-of-law clause would arise in the state whose law governs its disposition.
¶ 38 That, is a question for another day, however.. The majority is right to decline to reach it here given Federated Capital’s concession. I write separately only to highlight what I see as an important issue, and to state my view that our decision today should not be deemed to foreclose further analysis of this underlying question in a future case.

. See Emp’rs Ins. of Wausau v. Ehlco Liquidating Trust, 309 Ill.App.3d 730, 243 Ill.Dec. 384, 723 N.E.2d 687, 693 (1999) (noting that “borrowing statutes are choice of law rules” governed by choice of law tests); Bates v. Cook, Inc., 509 So.2d 1112, 1114 (Fla.1987) (asserting that the argument that a borrowing statute should employ a test distinct from general conflict-of-law rules has been "universally assailed”); Myers v. Cessna Aircraft Corp., 275 Or. 501, 553 P.2d 355, 366-67 (1976) (applying choice-of-law rules to determine where a cause of action arises).

. See Jacobsen Constr. Co. v. Teton Builders, 2005 UT 4, ¶ 12, 106 P.3d 719 (applying a choice-of-law clause rather than common law tests).

. Recording of Oral Argument at 6:35-7:20, Federated Capital v. Libby, 2016 UT 41, 384 P.3d 221, available at https://perma.cc/XLC826N4 (conceding that Federated was not challenging the district court’s use of the place of performance test to determine where the cause of action arose).