820 So.2d 426 (2002)
Joanne JENKINS, Appellant,
v.
Terrence S. ROCKWOOD, Appellee.
No. 4D01-3115.
District Court of Appeal of Florida, Fourth District.
July 3, 2002.
*427 Donna M. Greenspan of Edwards & Angell, LLP, West Palm Beach, for appellant.
Richard A. Sherman, of Richard A. Sherman, P.A., Fort Lauderdale, and Jeffrey R. Hickman of Law Offices of Lawrence J. Signori, West Palm Beach, for appellee.
MAY, J.
This appeal takes us on a journey down the long and winding road through the jungle of conflict of laws. Fortunately, the Florida Supreme Court and the Restatement (Second) of Conflict of Laws have provided us with a road map. The plaintiff appeals a trial court order, which granted the defendant's motion to dismiss. We affirm.
The facts are straightforward. A New Jersey (then Pennsylvania) resident was involved in an automobile accident with a Florida resident in the State of Louisiana. The New Jersey resident brought an action against the Florida resident in the State of Florida more than three years after the accident. The Florida resident moved to dismiss based upon Florida's borrowing statute and Louisiana's one-year statute of limitations. The trial court granted the motion.
Our journey begins with Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla.1980). In Bishop, the Florida Supreme Court adopted sections 145-146 of the Restatement (Second) of Conflict of Laws for determining which state's substantive law applies. Those sections call for the application of the significant relationships test. The test provides "that the local law of the state where the injury occurred determines the rights and liabilities of the parties unless with respect to the particular issue, some other state has a more significant relationship to the parties and the occurrence." Jones v. Cook, 587 So.2d 570, 571 (Fla. 1st DCA 1991) (citing RESTATEMENT (SECOND) of CONFLICT of LAWS §§ 145-146). Next, in Bates v. Cook, Inc., 509 So.2d 1112 (Fla. 1987), the Florida Supreme Court adopted the same test for determining the applicable statute of limitations.
In this case, the state where the injury occurred was Louisiana. Thus, Louisiana's statute of limitations should apply unless another state has a more significant relationship. In determining which state has the more significant relationship, we must look to the factors outlined in the Restatement. They are:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
RESTATEMENT (SECOND) of CONFLICT of LAWS § 145(2) (1971).
Factors (a), (b), and (d) all point unequivocally to Louisiana, which would almost always be the case with a motor vehicle accident. Louisiana is the place where the injury occurred. It is the place *428 where the conduct causing the injury occurred, and it is the place where the only relationship between the parties (the accident) is centered. Thus, not only is Louisiana the location of the injury, it also has the more significant relationship.
In contrast, Bishop, as our supreme court emphasized, involved an aviation accident in which the only relationship with South Carolina was that the plane happened to fall to the ground there. Bates also involved a tort (theft of trade secrets), in which the significant relationship factors would not necessarily point to one state. The facts of our case are unlike those in Bishop and Bates.
Applying Florida's borrowing statute yields the same result. Section 95.10, Florida Statutes (2001), provides that:
When the cause of action arose in another state ... and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.
This statute comes into play when the cause of action arose in another state. Bates v. Cook, Inc. To determine where the cause of action arose, a court must look to see which state has the more significant relationship. Celotex Corp. v. Meehan, 523 So.2d 141, 144 (Fla.1988). Applying the same factors as discussed previously, the cause of action in this case arose Louisiana. Thus, Florida's borrowing statute dictates that Louisiana's one-year statute of limitations applies to bar the plaintiff's claim.
The First District Court of Appeal encountered a fact pattern similar to the present one in Jones v. Cook. In Jones, a Florida resident was struck in Georgia by a vehicle registered in Florida corporation, and driven by another Florida resident. Suit was filed in Florida. The trial court entered summary judgment for the defendant, applying Georgia's two-year statute of limitations. The First District affirmed. Applying the same analysis as we have here, the First District found that the cause of action arose in Georgia. Thus, Florida's borrowing statute precluded the maintenance of the lawsuit.
By enactment of section 95.10, our legislature has expressed a public policy of protecting Florida defendants from claims considered stale in the place where they arose. We note that section 142 of the Restatement provides that the forum will always apply its own statute of limitations to bar a claim and will apply its own statute of limitations to permit a claim unless maintenance of the claim would serve no substantial interest of the forum and the claim is barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence. Section 95.10, which requires borrowing of a shorter statute of limitations, is Florida law barring the claim. Had the legislature intended for claims such as this one to be maintainable in this state, it would have repealed section 95.10, thus leaving the Florida courts with no option but to apply the longer Florida statute of limitations.
The judgment of dismissal is affirmed.
KLEIN J., concurs.
FARMER J., dissents with opinion.
FARMER, J., dissenting.
In this automobile accident case which occurred in Louisiana but is being litigated in Florida, we confront a choice of law question as to which law applies to a limitations issue. Louisiana bars such claims after one year, Florida after four years. Obviously the action would be barred if Louisiana supplies the rule of decision.
Plaintiff is a citizen of Pennsylvania, and defendant is a citizen of Florida. They *429 collided accidently in Louisiana while each was passing through on their way elsewhere. Louisiana's bayou setting for their sudden and unplanned collision was much akin to the spot where the lightening bolt touched earthit was entirely fortuitous and could easily have been anywhere in the geographic area. The fact that they collided in that place is about as meaningful to their dispute as the closing figures in the stock market that day. Nevertheless the trial court dismissed her claim as time-barred under Louisiana law, concluding that the place of the accident was controlling on the choice of law issue.
The majority begins its choice of law "journey" with Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla.1980), and thereby handily escapes the inconvenience of a significant part of the history of choice of law rules in Florida. Until 1980 and the Bishop decision, the basic choice of law rule was lex loci delictiwhich had its origins in the common lawwhereby the rights and obligations of the parties in a tort case were determined by the law of the place where the wrong occurred. Bishop rejected lex loci delicti and looked instead to the law of the place with the most significant relationship to the parties and the event. The principal reason for Bishop was in fact to replace lex loci delicti with a more flexible, modern rule recognizing advances in mobility and technology that make the place of such accidents fortuitous and unrelated to the real interests of the parties. Motor vehicle accidents arealong with divorceprobably the most pervasive feature of the civil litigation landscape in all of the States. To suggest that because an accident occurs there the State of the place of the collision has a more significant relationship to the ensuing negligence action is to say that the lex loci delicti provides the choice of law rule.
It seems to me that either Pennsylvania or Florida would have a more significant relationship to the issues in this case than does Louisiana, whose only tie was that the parties accidently collided there. No one suggests that any party had any expectation of being controlled by Louisiana limitations law for an action filed elsewhere. No one argues that some unique aspect of Louisiana traffic or tort law will play a significant role in the outcome. No one suggests that there is anything in the state law or policy indicating a uniquely Louisiana interest in the outcome of a motor vehicle accident lawsuit in Florida in which citizens of other states but not Louisiana have the only interests.
That leaves only Florida's relationship.[1] The damages will likely be paid in whole or part by liability insurance. Defendant's motor vehicle liability insurance was procured and issued under the law of Florida where he garages his vehicle and primarily operates it. Thus Florida has a real economic interest in the outcome. To elevate the law of the place of the tort over the substantial interest of Florida is to say that lex loci delicti still reigns supreme.[2] I would apply Florida law instead of Louisiana.
NOTES
[1] As no one argues for the application of Pennsylvania law, we can safely ignore its relationship.
[2] I simply disagree with Bates v. Cook, 509 So.2d 1112 (Fla.1987), and would certify conflict.