**FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

GILLIAN B. LOYA, as Personal
representative of the Estate of
Ricardo D. Loya, deceased and as
Litigation Guardian Ad Litem for
I.L. and G.L., the surviving minor
children of the decedant, Ricardo
D. Loya; Estate of RICHARD D.
LOYA,
          *Plaintiffs-Appellants,*

v.

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., doing business
as Westin Hotel Company, doing
business as Westin Regina Golf
Beach Resort and Club Regina
Westin Hotel Company doing
business as Westin Regina Golf
and Spa Resort; CORPORATION
MEXITURE SA DE CV, doing
business as Xplora Adventours
Los Cabos; PADI WORLDWIDE; PADI
AMERICAS; JOHN DOES; RAINTREE
RESORTS INTERNATIONAL INC, doing
business as Club Regina WESTIN
HOTEL MANAGEMENT LP; WHISKI
JACK RESORTS AND CLUB Consent
to Service; RESORT CONDOMINIUMS
INTERNATIONAL LLC; DOUGLAS
BECH; RAINTREE VACATION CLUB;
WALKER HARMON,
          *Defendants-Appellees.*

No. 07-35571

D.C. No.
CV-06-00815-MJP

OPINION

14249

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted October 21, 2008
Submission Vacated October 30, 2008
Resubmitted August 21, 2009
Seattle, Washington

Filed October 2, 2009

Before: Diarmuid F. O'Scannlain, Pamela Ann Rymer, and
Andrew J. Kleinfeld, Circuit Judges.

Opinion by Judge Rymer;
Dissent by Judge Kleinfeld

---

**COUNSEL**

Scott E. Stafne, Stafne Law Firm, Arlington, Washington, (argued); Martin D. Fox, Martin D. Fox, Inc., Seattle, Washington, for the plaintiffs-appellants.

Melissa O. White (argued) and Rodney Q. Fonda, Cozen O'Connor, Seattle, Washington, for the defendants-appellees.

---

**OPINION**

RYMER, Circuit Judge:

This appeal involves applicability of the doctrine of *forum non conveniens* to claims arising out of the death of a Washington resident while scuba diving off the coast of Mexico on an expedition arranged by the resort at which he was staying in Cabo San Lucas. In particular, it poses the question whether a claim implicating the Death on the High Seas Act (DOHSA), 46 U.S.C. § 30301 *et seq.*, is subject to dismissal on the basis of *forum non conveniens*. The district court, rely-

ing on the D.C. Circuit's opinion in *Pain v. United Tech. Corp.*, 637 F.2d 775, 780-81 (D.C. Cir. 1980), held that DOHSA actions are within the admiralty jurisdiction of the federal courts, and are subject to discretionary dismissal. It dismissed this action after considering the private and public interest factors that inform a *forum non conveniens* decision. We agree that the doctrine of *forum non conveniens* may be invoked in this case, and conclude that the district court did not clearly abuse its discretion in applying it. Accordingly, we affirm.

I

Gillian Loya's husband, Ricardo, died in a scuba diving accident off the Mexican coast where he was vacationing at the Westin Resort & Spa Los Cabos (a Starwood Hotel and Resorts Worldwide hotel[1]) in San Jose del Cabo, Baja California Sur. The Loyas went to Cabo with friends who exchanged a timeshare they had at Whistler for one at Club Regina Los Cabos, the timeshare portion of the Westin resort that is owned by Raintree Resorts International. The scuba diving trip was arranged through Xplora Adventours Los Cabos, which worked in Cabo with the Westin. Allegedly, the guide was underage by PADI standards (PADI certifies dive centers), abandoned Ricardo, and failed to rescue him. Loya, a Washington resident, filed an action against these entities and others in Washington state court for dereliction of duty that resulted in her husband's wrongful death. The complaint also asserted claims under the Washington Consumer Protection Act (WCPA) and the Washington Timeshare Act (WTA) for falsely advertising that the Westin Resort provided safe scuba diving activities. Starwood removed on the basis of diversity and admiralty jurisdiction. Loya then amended the complaint to charge Raintree with violating the WTA and WCPA by failing to consent to personal jurisdiction in Washington.

---

[1]Starwood takes the lead on appeal, and we refer to all defendants collectively as "Starwood."

When Loya sought partial summary judgment on her state law claims, Starwood cross-moved for dismissal on the ground of *forum non conveniens*. The district court denied Loya's motion but granted Starwood's. In doing so, the court rejected Loya's argument that the doctrine of *forum non conveniens* is inapplicable because DOHSA provides the exclusive remedy for American beneficiaries and mandates venue in a United States district court. Instead, relying on *Pain*, the court held that DOHSA actions are within the admiralty jurisdiction of the federal courts and, whether or not DOHSA applies to this action, the Act does not preclude *forum non conveniens* dismissal. The court then ruled that an adequate alternative forum was available. After considering private and public interest factors, it concluded that dismissal was appropriate for the main reasons that Baja California Sur, Mexico is a more convenient forum, and the nucleus of Loya's case is the place where the accident occurred.

Loya timely appeals.[2]

## II

At its core, Loya's position is that DOHSA effectively precludes dismissal on grounds of *forum non conveniens*. As she recognizes, nothing in DOHSA says so, but she maintains that Congress did not intend for the *forum non conveniens* doctrine to eliminate access by an American beneficiary to a remedy under DOHSA for the wrongful death of an American on the high seas.

DOHSA was enacted in 1920 to overrule the Supreme Court's decision in *The Harrisburg*, 119 U.S. 199 (1886), that admiralty afforded no remedy for wrongful death in the

---

[2]After argument we requested and received supplemental briefing on the substantive law that may govern Loya's claim for wrongful death, and its implications for the *forum non conveniens* analysis. We appreciate both parties' response.

absence of an applicable state or federal statute. 46 U.S.C. § 761 *et seq.* The Act created a remedy in admiralty for wrongful deaths more than "a marine league" from shore (§ 761), limited the class of beneficiaries (§ 761), established a two-year period of limitations (§ 763), and provided that the recovery shall be a "fair and just compensation" for the pecuniary loss sustained by the persons for whose benefit the suit is brought (§ 762). It also preserved the right to maintain suit in admiralty in the courts of the United States whenever a right of action for wrongful death is granted by the law of a foreign state. *Id.*, § 764. DOHSA was amended in 2006 and recodified at 46 U.S.C. § 30301 *et seq.* Although the language changed somewhat, the changes are not material for purposes of this appeal.

**[1]** Loya argues that the district court's foundational error was following *Pain*, which erroneously led it to conclude at the outset that dismissal was an option, instead of applying a choice of law analysis under *Zipfel v. Haliburton Co.*, 832 F.2d 1477 (9th Cir. 1987), *as modified*, 851 F.2d 565 (9th Cir. 1988), to determine whether DOHSA implicitly speaks to and rejects the application of *forum non conveniens*. In *Pain*, an American citizen who lived in Norway was killed, along with others, in a helicopter crash into the North Sea, and decedents' survivors brought suit against the American manufacturer. They argued that their DOHSA claim arose under the laws of the United States within the meaning of the district court's federal question jurisdiction and that the court's jurisdiction was thus mandatory. The court of appeals held otherwise, noting that DOHSA provides only that a suit may be maintained " 'in the district courts of the United States, *in admiralty*.' " *Pain*, 637 F.2d at 781 (quoting 46 U.S.C. § 761) (emphasis in original).[3] DOHSA continues to authorize only

---

[3]Section 761 provided:

[W]henever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a

a "civil action brought *in admiralty*." 46 U.S.C. § 30302
(emphasis added). Loya distinguishes *Pain* because it
involved multiple plaintiffs just one of whom was an Ameri-
can, whereas here the only plaintiff is a resident of the state
of Washington; but that difference has nothing to do with the
text of the statute itself, which plainly states that a DOHSA
action lies in admiralty. The doctrine of *forum non conveniens*
is well accepted in admiralty law. *See, e.g., American Dredg-
ing Co. v. Miller*, 510 U.S. 443, 449-50 (1994).

   **[2]** *Zipfel* does not lead to a different result. The district
court there had dismissed on grounds of *forum non conve-
niens* a claim under the Jones Act, 46 U.S.C. § 688, filed on
behalf of an American seaman and foreign seamen killed in
an aircrash in Indonesia. Reversing as to the American sea-
man, we reiterated our rule in Jones Act cases that a court
must first make a choice of law determination before dismiss-
ing for *forum non conveniens*. *Zipfel*, 832 F.2d at 1482 (citing
*Pereira v. Utah Transport, Inc.*, 764 F.2d 686, 688 (9th Cir.
1985)). Although we decided that foreign law applied to the
claims of the foreign seamen, it was conceded that American

---

   marine league from the shore of any State, or the District of
   Columbia, or the Territories or dependencies of the United States,
   the personal representative of the decedent may maintain a suit
   for damages in the district courts of the United States, in admi-
   ralty, for the exclusive benefit of the decedent's wife, husband,
   parent, child, or dependent relative against the vessel, person, or
   corporation which would have been liable if death had not
   ensued.

 In its present form, 46 U.S.C. § 30302, the statute provides:

   When the death of an individual is caused by wrongful act,
   neglect, or default occurring on the high seas beyond 3 nautical
   miles from the shore of the United States, the personal represen-
   tative of the decedent may bring a civil action in admiralty
   against the person or vessel responsible. The action shall be for
   the exclusive benefit of the decedent's spouse, parent, child, or
   dependent relative.

law — the Jones Act — applied to the claim on behalf of the deceased American seaman.[4] This, we concluded, foreclosed dismissal as to the American for *forum non conveniens* because the Jones Act has a specific venue provision.[5] DOHSA has no analogous provision. For this reason, *Zipfel*: threshold choice of law analysis is not dispositive. *Lueck v. Sundstand Corp.*, 236 F.3d 1137, 1148 (9th Cir. 2001) (holding that the *Zipfel* choice of law analysis is only determinative when the case involves a United States statute requiring venue in the United States, such as the Jones Act or the FELA). As we explained in *Lueck*, the purpose of a choice of law inquiry in a *forum non conveniens* analysis is to determine if the Jones Act, or the FELA, with special provisions mandating venue in the United States district courts, would apply. *Id.* at 1148 (citing *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 700 (9th Cir. 1995)). Albeit without citing *Zipfel*, the district court considered the impact of DOHSA on the applicability of *forum non conveniens*, and contrasted an action arising under DOHSA with an action arising under a

---

[4]We determined that foreign law applied to the claims of the foreign seamen by considering the factors set out in *Lauritzen v. Larsen*, 345 U.S. 571, 583-92 (1953), also a Jones Act case. These factors are: place of the wrongful act; law of the flag; allegiance or domicile of the injured; allegiance of the shipowner; place and choice of law of the contract; inaccessibility of a foreign forum; and law of the forum. An eighth factor — the shipowner's base of operation — was added by the Court in *Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. 306, 308-09 (1970).

[5]"Jurisdiction in [actions under the Jones Act] shall be under the court of the district in which the defendant employer resides or in which his principal office is located." 46 U.S.C. § 688(a). The Jones Act incorporates the Federal Employers' Liability Act (FELA), 46 U.S.C. § 688(a), which also has a specific venue provision: "Under this chapter an action may be brought in a district court of the United States, in the district court of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56.

The Jones Act provision has been recodified at 46 U.S.C. § 30104(b): "An action under this section shall be brought in the judicial district in which the employer resides or the employer's principal office is located."

statute such as the Jones Act. We see no reversible error in its conclusion that this action is amenable to discretionary dismissal, for DOHSA does not entitle Loya to have her case heard in a United States court.[6]

Loya suggests that using the doctrine of *forum non conveniens* to dismiss her claim undercuts the exclusive DOHSA remedy that Congress intended to provide in a United States district court, thus contravening the Supreme Court's enjoinder in *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 624-25 (1978), that "when [DOHSA] does speak directly to a question, the courts are not free to 'supplement' Congress' answer so thoroughly that the Act becomes meaningless." *Id.* at 625. DOHSA, of course, does not "speak directly" to the issue of mandatory jurisdiction. In any event, the doctrine of *forum non conveniens* is "nothing more or less than a supervening venue provision" that goes to "process rather than substantive rights." *American Dredging*, 510 U.S. at 453. The doctrine "does not bear upon the substantive right to recover." *Id.* at 454. Consequently, dismissing on grounds of *forum non conveniens* does not run afoul of *Higginbotham*.

Loya further posits that because Congress enacted DOHSA to provide "a uniform and effective wrongful death remedy for survivors of persons killed on the high seas," *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 214 (1986), the district court may not, through use of *forum non conveniens*, abrogate the rights of United States beneficiaries to the "fair and just compensation for the pecuniary loss" that Congress intended to provide.[7] However, just as the *forum non conve-*

---

[6]We also see no reversible error on account of the district court's failure expressly to consider the *Lauritzen* factors. They would only have led to the conclusion that Loya's claim was not subject to a statute with a specific venue provision such as the Jones Act. *See Zipfel*, 832 F.2d at 1482.

[7]Prior to the 2006 amendments, DOHSA provided:

[T]he recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit

*niens* doctrine does not expand the substantive law on wrongful death, the doctrine does not contract it, either. Application of the doctrine simply shifts the forum where the claim will be decided.

Loya relies on *Howard v. Crystal Cruises*, 41 F.3d 527 (9th Cir. 1994), where we upheld the district court's determination that DOHSA governed the wrongful death claim of an American who was injured while disembarking a cruise ship of Bahamian registry operated by a California corporation in Mexico. However, *Howard* does not support Loya's position; it did not involve the doctrine of *forum non conveniens*. The question there was whether DOHSA, as opposed to general maritime law, could apply to death in the territorial waters of another country. We concluded that it could, and in that context opined that "there is nothing inherently absurd with the notion of an American court applying American law to an action filed by an American plaintiff against an American defendant, particularly when the law in question was expressly designed to cover wrongful deaths occurring outside the territorial boundaries of the United States." *Id.* at 529-30. This does not mean that the doctrine of *forum non conveniens* is unavailable if DOHSA applies.

the suit is brought and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought.

46 U.S.C. § 762.

In its present form, DOHSA provides:

The recovery in an action under this chapter shall be a fair compensation for the pecuniary loss sustained by the individuals for whose benefit the action is brought. The court shall apportion the recovery among those individuals in proportion to the loss each has sustained.

46 U.S.C. § 30303.

**[3]** Accordingly, we hold that DOHSA neither explicitly, nor implicitly, rejects application of the doctrine of *forum non conveniens*.

### III

**[4]** Given our conclusion that the district court *could* dismiss on grounds of *forum non conveniens*, the remaining question is whether it clearly abused its discretion in doing so. *American Dredging*, 510 U.S. at 455 (noting that the *forum non conveniens* determination is committed to the sound discretion of the trial court and may be reversed only when there has been a clear abuse of discretion); *Creative Tech.*, 61 F.3d at 699 (same). "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *American Dredging*, 510 U.S. at 455 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)); *Creative Tech.*, 61 F.3d at 699.

**[5]** "A party moving to dismiss on grounds of forum non conveniens must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal. This showing must overcome the 'great deference . . . due plaintiffs because a showing of convenience by a party who has sued in his home forum will usually outweigh the inconvenience the defendant may have shown.' " *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991) (quoting *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir. 1990)). Private interest factors include "(1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of hostile witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive. " *Creative Tech.*, 61 F.3d at 703 (quoting *Zipfel*, 832 F.2d at 1485). Public interest factors include "(1) administra-

tive difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (5) the avoidance of unnecessary problems in conflicts of law." *Id.* at 703-04.

The district court found that Baja California Sur, Mexico provides an adequate forum because all defendants agreed to accept service, submit to the jurisdiction, and waive any statute of limitations defenses; Loya could bring a tort-based suit there; and Mexican courts would afford some remedy, even though less than available in this country. (Loya's expert, a Mexican lawyer experienced in advising foreign litigants about the Mexican legal system, declared that any wrongful death recovery would be capped, in accordance with a formula driven by the highest daily minimum wage in the region, at $12,000-13,000, with little likelihood for recovery of moral damages or at least none in excess of $4,000. He also indicated that Mexican attorneys do not work on a contingency basis and his firm would charge about $50,000 to litigate this case.)

**[6]** Addressing the private interest factors, the court found that the relative ease of access to sources of proof and obtaining witnesses favor Starwood, as does the fact that a Mexican judgment would be enforceable in the United States. It noted that, although Loya has sued American defendants rather than the Mexican subsidiaries of Starwood and Raintree, Ricardo Loya's death and the activities leading up to the accident occurred in Mexico and that, other than Gillian Loya (who was not on the dive), Ricardo Loya's diving partner (who lives in California and will not willingly go to Cabo), and the friends with whom the Loyas went on the trip, potential liability witnesses and relevant documentation are located in Mexico.[8] In the trial court's view, other factors did not favor either side.

---

[8]These include employees of the Club Regina Los Cabos and of the company that arranged the scuba diving trip; the person who drove

**[7]** With respect to public interest factors, the court found that court congestion in Baja California Sur weighs in favor of Loya. While Washington has an interest in preventing misrepresentations to its residents about the safety of a Mexican vacation, the court held that Mexico's substantial interest in holding businesses operating in Mexico accountable and insuring that foreign tourists are treated fairly favors Starwood given that the gravamen of Loya's complaint is that Starwood, operating in Mexico, caused Ricardo Loya's death. In evaluating the public interest in having trial in a forum familiar with the governing law, the court looked to the test Washington applies to determine choice of law (if laws conflict, then the laws of the forum with the "most significant relationship" govern). It concluded that Mexican law may apply to some issues, particularly the applicable standard of care and interpretation of any liability release signed by Ricardo Loya. In the court's view, the need to apply foreign law strongly favors dismissal based on *forum non conveniens*. Finally, the court found no cause to burden Washington jurors with this litigation given that most of the allegedly wrongful conduct took place in Mexico and among non-Washington defendants.

Considering all these factors, the district court found that dismissal was appropriate for two important reasons: Baja California Sur is an adequate alternative forum, and the nucleus of Loya's case is where Ricardo Loya's accident

---

Ricardo Loya to Cabo Pulmo, where the dive trip began; the captain of the dive boat; the owner and employees of the dive shop, including dive instructors and an instructor who assisted in the search; the captain of the boat that transported Ricardo Loya back to the dock; the driver of the truck that brought him to a doctor; employees of Xplora Adventours; and the Mexican officials who investigated the accident. The evidence shows that documentary evidence relating to the corporate structure of certain Starwood and Raintree entities will be found outside the state of Washington. A release may have been executed when Ricardo Loya signed up for the trip.

occurred. On balance, the court believed that the public and private factors weigh in favor of Starwood. Thus, it concluded that Baja California Sur is the more convenient, therefore appropriate, forum.

**[8]** Loya emphasizes the heightened deference owed to American citizens suing American defendants in their home forum. We afford greater deference to a plaintiff's choice of home forum because it is reasonable and convenient. However, the deference due is "far from absolute." *Lockman Found.*, 930 F.2d at 767 (noting that we have recognized that "[t]he presence of American plaintiffs . . . is not in and of itself sufficient to bar a district court from dismissing a case on the ground of *forum non conveniens*") (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983)). A district court has discretion to decide that a foreign forum is more convenient. *See, e.g., Piper Aircraft*, 454 U.S. at 257; *Lockman Found.*, 930 F.2d at 767; *Contact Lumber*, 918 F.2d at 1449. Here, Baja California Sur is where the scuba diving trip was arranged, documented, outfitted, undertaken, and investigated.[9] We cannot say that the court acted unreasonably in deciding that these circumstances made Baja California Sur a more convenient, and appropriate, forum.

**[9]** Loya also focuses on the considerable difference in potential recovery, as well as in the cost of pursuing this action, in Mexico. The remedy afforded may not be "so clearly inadequate or unsatisfactory that it is no remedy at

---

[9]The district court recognized that Loya also asserts claims against some defendants for false advertising and that proof of those claims is more accessible in the United States, but believed that the wrongful death claim is central. This is not unreasonable. Except for her claim against Raintree for failing to consent to service of process, all of Loya's claims revolve around the claim that negligence of various people in Mexico caused Ricardo Loya's death. We have reviewed Loya's state law claims to the extent necessary to satisfy ourselves that they are neither the centerpiece of her action, nor of sufficient merit to give Washington more than a slight interest in their resolution.

all." *Lockman Found.*, 930 F.2d at 768. However, that the law, or the remedy afforded, is less favorable in the foreign forum is not determinative. *Piper Aircraft*, 454 U.S. at 247 (stating that "[t]he possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveninens* inquiry."). A foreign forum must only provide the plaintiff with "some" remedy in order for the alternative forum to be adequate. *Lueck*, 236 F.3d at 1143-44 (rejecting the plaintiffs' argument that New Zealand offered no remedy for their losses because it has legislated tort law out of existence, and noting that the district court was not required to ask whether plaintiffs could bring this lawsuit there but rather, whether New Zealand offered "a" remedy). Unquestionably, Mexico provides a remedy for breach of contract and for wrongful death. Having taken all of these considerations into account, the district court's conclusion that Baja California Sur was nevertheless a more convenient forum is not unreasonable. *See Piper Aircraft*, 454 U.S. at 249 (observing that convenience is the central focus of the *forum non conveniens* inquiry, and rejecting the notion that the possibility of an unfavorable change in law should be given substantial weight so as to bar dismissal even where trial in the chosen forum is plainly inconvenient).

Further, Loya contends that the choice of law issues should have been resolved by application of the *Lauritzen* factors rather than by Washington choice of law rules. This is not, however, an argument that she made in the district court. As the judge observed, Loya did not contradict Starwood's choice of law analysis. Loya's only response to Starwood's submission that Mexican substantive law would apply was that the district court was familiar with DOHSA and with the laws of Washington that would apply when construing the Timeshare Act and the Consumer Protection Act. Therefore, the argument that she now makes is waived. Even so, Loya does not explain why or how the *Lauritzen* factors would require a different outcome. In these circumstances, we decline to upset the district court's view that Mexican law

may apply to the applicable standard of care and interpretation of any liability release signed by Ricardo Loya.[10]

Finally, Loya submits that the district court offered no explanation why enforceability of a Mexican judgment in the United States would make Mexico a better forum. This factor did not, however, figure into the court's conclusion that Mexico was a more convenient forum; the court simply indicated that it favored Starwood.

[10] In sum, the trial court considered all the relevant factors and balanced the interests reasonably. Given this, we owe its decision substantial deference.

## IV

[11] We conclude that the Death on the High Seas Act, unlike the Jones Act, does not preclude dismissal on the basis of *forum non conveniens*. The district court found that Baja California Sur is an adequate alternative forum, reasonably balanced the public and private interest factors that inform a *forum non conveniens* determination, and concluded that Baja California Sur is a more convenient, thus appropriate, forum. Accordingly, it dismissed this action on grounds of *forum non conveniens*. In doing so, it did not clearly abuse its discretion.

AFFIRMED.

---

[10]That the court's view is not unreasonable is well illustrated by the Seventh Circuit's opinion in *Spinozzi v. ITT Sheraton Corp.*, 174 F.3d 842, 845-46 (7th Cir. 1999). There, an Illinois resident fell while he was a guest at a Sheraton resort in Acapulco. Affirming the district court's determination that Mexico had the most significant relationship with the case and that Mexican law would govern the substantive issues, the court of appeals pointed out the absurdity of Spinozzi's position that he should be able to carry with him the tort law of his state provided that he stayed in a hotel that had advertised in Illinois.

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent. The district court treated *forum non conveniens* as less than the "exceptional tool to be employed sparingly"[1] that it is, and applied it overly aggressively. The district court, as we agree, erred as a matter of law by failing to apply the *Lauritzen*[2] factors to choice of law. While the plaintiff has not made clear how application of the correct factors would change the result, and should have, the error of law in failing to apply the *Lauritzen* factors affected an already dubious *forum non conveniens* determination, so we ought to give the district court an opportunity to apply correct law before we say it makes no difference.

Though the death giving rise to this case occurred in Mexico's waters, the American connections with the case are very substantial indeed. Loya was American, as are his wife—who is personal representative of his estate—and his children. Loya died, as we understand the facts, while scuba diving at the Westin resort in Cabo San Lucas, a death that might have been prevented had the resort used someone competent and properly certified to manage his oxygen tank, and had the potential rescue vessel not passed by without performing a rescue. The Loyas' lawsuit focuses on the American time-share and resort companies that they claim ought to have assured higher safety standards to Americans vacationing in their resort in Mexico.

By contrast, in *Piper Aircraft Co. v. Reyno*,[3] the Supreme Court decision laying out the *forum non conveniens* law we must apply, a U.K. air taxi crashed a U.K.-owned plane in the Scottish highlands, killing the pilot and passengers, all of whom, along with their heirs and next of kin, were Scottish.

---

[1]*Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000).

[2]*Lauritzen v. Larsen*, 345 U.S. 571 (1953).

[3]454 U.S. 235 (1981).

And in *Lauritzen v. Larsen*,[4] every substantial connection to the case except for the Cuban location of the injury was Danish, as the Court took pains to lay out:

> Larsen, a Danish seaman, while temporarily in New York joined the crew of the Randa, a ship of Danish flag and registry, owned by petitioner, a Danish citizen. Larsen signed ship's articles, written in Danish, providing that the rights of crew members would be governed by Danish law and by the employer's contract with the Danish Seamen's Union, of which Larsen was a member. He was negligently injured aboard the Randa in the course of employment, while in Havana harbor.[5]

I agree with the majority that the Death on the High Seas Act controls, and that the doctrine of *forum non conveniens* applies to Death on the High Seas Act claims. And I agree that under *Howard v. Crystal Cruises*[6] we are bound to apply the Death on the High Seas Act even though Loya's death was not on what are commonly understood to be the "high seas." The failure of a passing vessel to rescue Loya falls within the category of traditional maritime activity under *Taghadomi v. United States*.[7]

Where we disagree is in the application of the doctrine of *forum non conveniens*. I have not found precedent for so aggressive an exclusion of an American plaintiff from American courts under the doctrine in any other case, and I think it is mistaken here.

The Supreme Court decision in *Piper Aircraft Co. v. Reyno*.[8]

---

[4]345 U.S. 571 (1953)

[5]*Lauritzen*, 345 U.S. at 573.

[6]41 F.3d 527 (9th Cir. 1994).

[7]401 F.3d 1080 (9th Cir. 2005).

[8]454 U.S. 235 (1981).

gives us the necessary guidance. That Scottish air crash, described above, was properly dismissed for *forum non conveniens*, and the Court rejected the Third Circuit view that more favorable law, alone, in the plaintiff's choice of forum was sufficient reason to deny *forum non conveniens* dismissal. The decision reaffirmed, though, that the "plaintiff's choice of forum should rarely be disturbed."[9] The rule in *Piper* is that *forum non conveniens* dismissal is appropriate only "when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.' "[10] That stringent rule has not been applied in this case. *Piper* read the Court's earlier decision in *Gulf Oil Corp. v. Gilbert*[11] to mean that "dismissal may be warranted where a plaintiff chooses a particular forum, not because it is convenient, but solely in order to harass the defendant or take advantage of favorable law."[12]

*Piper* carefully qualified its rule that law more favorable to the plaintiff is not a good ground automatically to deny *forum non conveniens* dismissal. "[I]f the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the unfavorable change in law may be given substantial weight; the district court may conclude that dismissal would not be in the interests of justice."[13] That is the case here. The Loya family has no practical Mexican remedy. The papers set out that their remedy in Mexico would be limited to damages of about $17,000, and that they would be required to spend over $50,000 to secure that remedy.

---

[9]*Id.* at 241.

[10]*Id.* (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).

[11]330 U.S. 501 (1947).

[12]*Piper*, 454 U.S. at 249 n.15.

[13]*Id.* at 254.

In addition to the impracticality of any remedy in Mexico, the Loyas face an insuperable obstacle in proving their case there. The decedent's diving partner is unwilling to go to Mexico again. That is plausible, considering the horrible experience, and the deterrent of knowing that Mexican law does not provide compensation if he dies there.

Our disagreement is limited to application of law to facts, but that matters. *Piper* holds that there is no "rigid rule" governing discretion, just a multi-factor set of considerations, and "each case turns on its facts."[14] The Loyas ought to be able to sue in Washington—their and the decedent's home—from where they arranged their Mexican vacation with an American company and the Mexican companies it partnered with.

---

[14]*Id.* at 249.