Mark A. BEAMAN, et al., Plaintiffs,

v.

MACO CARIBE, INC.,
et al., Defendants.

Case No. 10–81178–CIV.

United States District Court,
S.D. Florida.

June 13, 2011.

Rosalyn Sia Baker–Barnes, Searcy Denney Scarola Barnhart & Shipley, West Palm Beach, FL, for Plaintiffs.

Trevor George Hawes, Cole Scott & Kissane PA, Jacksonville, FL, Armando Pedro Rubio, Cole, Scott & Kissane, P.A., Ronnie Guillen, Wilson Elser Moskowitz Edelman & Dicker, Miami, FL, Bruce Richard Marx, Marlow Connell Valerius Abrams Adler & Newman, Coral Gables, FL, for Defendants.

## ORDER ON MOTIONS TO DISMISS

URSULA UNGARO, District Judge.

THIS CAUSE came before the Court on Defendants Agrupacion Hotelier Doliga, S.A., d/b/a Fiesta Hotels and Resorts, S.L., Fiesta Hotel Group, Palladium Hotels & Resorts, Grand Palladium Colonial Resort & Spa, and Grand Palladium Katenah Resort & Spa's Joint Motion to Dismiss for *Forum Non Conveniens* (D.E. 34); Defendant Maco Caribe, Inc.'s Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* (D.E. 36); and Named Defendants Grupo Sirenis Hotels and Resorts, Grand Sirenis Hotels and Resorts, Grand Sirenis Riviera Maya Hotel & Spa, Sirenis Services, S.L., Sirenis Management Services and Sirenis Hotels and Resorts

Motion to Dismiss the Plaintiffs' Complaint Pursuant to the *Forum Non Conveniens* Doctrine (D.E. 39). The Motions are fully briefed and are ripe for disposition.

THE COURT has considered the Motions and the pertinent portions of the record and is otherwise fully advised in the premises.

### I

This case arises from events that took place on the Mayan Riviera, in the State of Quintana Roo, Mexico and that resulted in the deaths of Margaret Jane Dawson Beaman and Lisa Rae Ballinger Smith (the Decedents). Decedents and Plaintiffs, the personal representatives of Decedents' estates, were and are citizens of Texas. (Compl. ¶¶ 2–5.) Decedents' survivors, on whose behalf Plaintiffs bring the instant suit, are also citizens of Texas. (*Id.*)

Defendant Maco Caribe is a Florida corporation, allegedly doing business as Scuba Caribe and Aqua Caribe. (Compl. ¶ 6.) Defendants Grupo Sirenis Hotels and Resorts, Grand Sirenis Hotels and Resorts, Grand Sirenis Riviera Maya Hotel & Spa, Sirenis Services, S.L., Sirenis Management Services, and Sirenis Hotels and Resorts (collectively, "Sirenis Defendants") are Spanish companies whose principal place of business is Ibiza, Spain. (Compl. ¶ 8.) Defendants Agrupacion Hotelier Doliga S.A., Fiesta Hotels and Resorts, S.L., Fiesta Hotel Group, Palladium Hotels and Resorts, Grand Palladium Colonial Resort and Spa, and Grand Palladium Kantenah Resort and Spa (collectively, "Palladium Defendants") are Spanish companies whose principal place of business is Ibiza, Spain. (Compl. ¶ 10.)

On or about October 11, 2008, Decedents and their families checked in as guests of the Grand Palladium Colonial Resort and Spa, operated by Palladium Defendants. (Compl. ¶¶ 34 & 35.) On or about October

12, 2008, Decedents purchased tickets for a parasailing ride from the Scuba Caribe water sports concession on the beachfront of the Grand Palladium Kantenah Resort & Spa, adjacent to the Grand Palladium Colonial Resort and Spa and also operated by the Palladium Defendants. (Compl. ¶¶ 35–38.) Decedents were transported by jet skis operated by Scuba Caribe to a boat operated by non-party Aqua Inn for the parasailing excursion. (*Id.* ¶ 38.)

During the parasail ride, inclement conditions arose, and the towrope used to pull the parachute and to which Decedents were secure deteriorated; Decedents were slammed into the water. (*Id.* ¶ 39.) The towrope then snapped, slamming Decedents into a rocky mountainside, after which they landed in a tree. (*Id.*) Decedents sustained severe head and body trauma and died from their injuries. (*Id.*)

As a result of the incident, the surviving spouses of Decedents, as personal representatives of their respective estates and on behalf of the estates and their respective survivors, bring the instant thirteen-count Complaint. Plaintiffs bring a single claim of negligence against each Defendant. Plaintiffs allege that Maco Caribe, doing business as Scuba Caribe, owned or controlled the parasailing operation and acted negligently in failing to safely operate its activities, generally, and with respect to Decedents' parasailing excursion, specifically. (Compl. ¶¶ 42–47, 50–55.) Plaintiffs allege that the Sirenis Defendants and Palladium Defendants had an agreement with Scuba Caribe and non-party Aqua Inn, whereby Scuba Caribe and Aqua Inn would provide water activities, including parasailing excursions, to guests of the Sirenis Defendants' and the Palladium Defendants' hotel properties; the Sirenis Defendants and Palladium Defendants, Plaintiffs allege, are vicariously liable for Scuba Caribe's and Aqua Inn's failure to safely operate their parasailing

enterprise. (Compl. ¶¶ 58–63, 66–71, 74–79, 82–87, 90–95, 98–103, 106–11, 114–19, 122–27, 130–35, 138–43.) Plaintiffs seek damages for the pain and suffering of Decedents and their survivors; lost society, companionship, guidance, solace, support, and services; loss of net accumulations; and funeral and medical expenses. (Compl. ¶¶ 48, 56, 64, 72, 80, 88, 96, 104, 112, 120, 128, 136, 144.)

**II**

■ "The doctrine of *forum non conveniens* permits a court with venue to decline to exercise its jurisdiction when the parties' and the court's own convenience, as well as the relevant public and private interests, indicate the action should be tried in a different forum." *Pierre–Louis v. Newvac Corp.*, 584 F.3d 1052, 1056 (11th Cir.2009). "The *forum non conveniens* determination is left to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). A defendant invoking *forum non conveniens* bears the burden in opposing the plaintiff's choice of forum. *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir.2009) (citing *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007)). "When the home forum is chosen, it is reasonable to assume that this choice is convenient." *Piper Aircraft*, 454 U.S. at 255–56, 102 S.Ct. 252. "When the plaintiff is foreign, however, this assumption is much less reasonable." *Id.* at 256, 102 S.Ct. 252.

■ A forum non conveniens dismissal is appropriate where:

1. the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;

2. the trial court finds that all relevant factors of private interest favor the

alternate forum, weighing in the balance a strong presumption against disturbing plaintiff's initial forum choice;

 3. if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and

 4. the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience of prejudice.

*Wilson,* 590 F.3d at 1269 (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 578 F.3d 1283, 1289–90 (11th Cir.2009)). To succeed on a motion to dismiss for *forum non conveniens,* the movant must show positive evidence of unusually extreme circumstances, and the court should be convinced that material injustice would result if the cause was tried in the original forum. *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.,* 382 F.3d 1097, 1101–02 (11th Cir.2004).

### A. Motions Are Not Premature

 ■ In their Responses to Maco Caribe's and the Sirenis Defendants' Motions to Dismiss, Plaintiffs argue that the Motions are premature and request that the Court defer ruling until Plaintiffs complete discovery.[1] Specifically, Plaintiffs note that, at the time of filing, they anticipated responses to discovery requests that would be relevant to the Court's analysis, such as issues related to "the relationships between the parties involved in this incident, contracts between the various entities, United States representatives of the Defendants." (D.E. 45, pp. 2–3; D.E. 46, pp. 2–3.) These issues, however, are not central to the *forum non conveniens* inquiry, as discussed below, and discovery on these issues is not required for its disposition.

### B. Adequate Alternative Forum

 ■ The first inquiry in the *forum non conveniens* analysis is whether the alternative forum is both available and adequate. Availability and adequacy are separate inquiries. *Aldana,* 578 F.3d at 1290. To be available, a foreign forum must be able to assert jurisdiction over the matter whose transfer is sought. *Id.* And a foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court. *See Piper Aircraft,* 454 U.S. at 255 n. 22, 102 S.Ct. 252.

All Defendants contend that Mexico is an adequate alternative forum and represent that they will submit to the jurisdiction of Mexico, will accept service of process there, and will not raise any statute of limitations defense. (D.E. 34, p. 8; D.E. 34–2 ¶ 27; D.E. 36–1, p. 6; D.E. 40–8 ¶ 26.) Additionally, the Palladium Defendants have presented the affidavit of Manuel Garcia Pimentel Caraza, a Mexican attorney and law professor, who attests that Plaintiffs could bring their action against Defendants in Mexico and that the Mexican judicial system provides adequate judicial process for wrongful death or other tort claims, such as those Plaintiffs seek to establish. (D.E. 34–1 ¶¶ 9–51.) Moreover, in similar cases involving personal injury or wrongful death claims, Mexico has frequently been found to provide an adequate alternate forum. *See Loya v. Starwood Hotels & Resorts Worldwide, Inc.,* 583 F.3d 656 (9th Cir.2009); *Buckley v. Starwood Hotels & Resorts Worldwide, Inc.,* 2009 WL 3531647 (E.D.Mo. Oct. 27, 2009); *Wozniak v. Wyndham Hotels & Resorts, LLC,* 2009 WL 901134 (N.D.Ill. March 31, 2009).

---

**1.** Oddly, Plaintiffs do not raise this argument in their Response to Palladium Defendants' Motion to Dismiss, which was filed the same day.

In their Response to the Palladium Defendants' Motion, Plaintiffs expressly "acknowledge that an adequate alternative forum exists in Mexico." (D.E. 44, p. 4.) And in their Responses to Maco Caribe's and the Sirenis Defendants' Motions, Plaintiffs state that they "would be hard-pressed to argue that an adequate alternative forum does not exist in Mexico," and, in fact, make no argument to that effect. (D.E. 45, p. 5; D.E. 46, p. 5.) Thus, based on the record and the Plaintiffs' concession, the Court finds that an adequate alternate forum is available in Mexico.

## C. *Private Interests*

 The private interest factors the Court must consider include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. 252 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). The Court must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing the Plaintiffs' initial choice of forum. *See SME Racks*, 382 F.3d 1097; *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir.1983).

The first factor is the relative ease of access to sources of proof in Mexico as compared to Florida. Access to evidence is "perhaps the most important private interest." *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir.2003). This factor weighs in favor of dismissal. Plaintiffs discount the importance of this consideration in the instant case, noting that many of the documents relevant to the case are already in Florida. The inconvenience and expense of bringing all relevant documentary evidence from Mexico to Florida weighs in favor of dismissal, though the Court does not grant this consideration much weight, given advances in technology and the relative ease of the transfer of documents. Of greater concern, however, is the consideration that all physical evidence, including the vessel used in the subject incident, parasailing equipment, and any equipment used to repair or maintain such equipment, is located in Mexico; in fact, according to the representations of Maco Caribe, most of the physical evidence is in the possession of the local authorities who investigated this incident in Playa del Carmen, Mexico. (D.E. 36–1, p. 10; *see also* D.E. 34–5, p. 19.)

 The Court next considers the availability of compulsory process for unwilling witnesses; this factor, too, weighs in favor of dismissal. Plaintiffs contend that this factor should not be given significant weight because "a majority of the pertinent witnesses who reside in Mexico are Defendants MACO CARIBE's, FIESTA's, and/or SIRENIS' own agents and/or employees, who are under their control and will appear voluntarily." (D.E. 44, p. 5; D.E. 45, p. 6; D.E. 46, p. 6.) Specifically, Plaintiffs state that the operators of the parasailing venture—non-party Aqua Inn and its employees—are agents of the Palladium Defendants. (D.E. 44, p. 5.) However, the corporate representative for the Palladium Defendants attests in a sworn affidavit that Palladium Defendants "do not have nor have they ever had any relationship of a contractual, legal, corporate, or agency nature with the entity named in the Complaint Aqua Inn." (D.E. 34–2 ¶ 9.) Plaintiffs provide no competent evidence to rebut this assertion. Thus, on this record, it appears that the operators of the parasailing venture are not the agents of or under the control of any of the Defendants. The testimony of these individuals,

who are residents and citizens of Mexico, is critical to the presentation of Plaintiffs' claims and Defendants' defenses. That these individuals appear to not be subject to the compulsory process of the Court, weighs in favor of dismissal. *See Morse v. Sun Int'l Hotels, Ltd.*, 2001 WL 34874967, at *3 (S.D.Fla. Feb. 26, 2001).

Moreover, even if those witnesses were Defendants' agents and could, thus, be made to appear, a significant number of other critical witnesses are not arguably in the employ of Defendants and would not be subject to the compulsory process of the Court. For example, the various investigators, photographers, and custodians of evidence who participated in the criminal investigation of the subject incident; the medical examiner who performed autopsies on the Decedents; and the owner of the private property from which Decedents' bodies were recovered and who witnessed the crash are all residents of Mexico not subject to the compulsory process of the Court. (*See* D.E. 34–4, pp. 43–44.) The inability to procure the testimony of such witnesses would work a significant burden on Defendants and weighs strongly in favor of dismissal. *See Miyoung Son v. Kerzner Int'l Resorts, Inc.*, 2008 WL 4186979 (S.D.Fla. Sept. 5, 2008).

The Court also considers the cost and inconvenience associated with obtaining the attendance of willing witnesses. Plaintiffs argue that their damages witnesses are located in the United States and they would "incur great costs in flying a multitude of witnesses to Mexico versus Florida." (D.E. 44, p. 9.) While many of Plaintiffs' damages witnesses may be located in the United States, Plaintiffs have not identified a single witness located in Florida. Thus, Plaintiffs will incur expenses for airfare or other travel arrangements, room, and board, whether this cause is heard in Florida or in Mexico. And, though Plaintiffs argue that flying such witnesses to Mexico is costlier than flying them to Florida, they have provided no support for this bare statement, and the Court believes it unlikely that the difference is great, given that most of Plaintiffs' damages witnesses live in Texas, nearly equidistant from Miami and Quintana Roo, Mexico.

Moreover, while many damages witnesses may be located in the United States, the great majority—if not all—of the liability witnesses are located in Mexico. (*See* D.E. 34–4, pp. 43–44.) Plaintiffs cannot seriously contend that the inconvenience and expense of several damages witnesses traveling to Mexico is greater than the inconvenience and expense of all the liability witnesses, *as well as* all the damages witnesses, traveling to Miami from Mexico, Texas, and elsewhere in the United States. The Court, thus, finds that this factor weighs in favor of dismissal.

■ Defendants contend that the inability of a jury to view the accident scene, were the case heard in Miami, weighs in favor of dismissal. Plaintiffs argue in response that this factor is of little significance because juries are rarely allowed to view the premises of an accident and because photographs and diagrams of and testimony regarding the premises would be a sufficient substitute for a viewing of the location. The Court finds, however, based on the allegations in the Complaint, that a viewing of the scene could be useful to the trier of fact. Specifically, Plaintiffs contend that the parasailing operators navigated the boat "in an area that was closed to boaters," in support of their claims that Defendants negligently failed to safely operate their activities. (Compl. ¶ 39.) Though photographs and diagrams might be sufficient, a viewing of the scene could be useful or necessary. This factor, thus, weighs in favor of dismissal, though the Court does not accord it great weight. *See Piper Aircraft*, 454 U.S. at 261 n. 6, 102

S.Ct. 252; *Perez–Lang v. Corporacion de Hoteles, S.A.,* 575 F.Supp.2d 1345, 1351 (S.D.Fla.2008).

■ Further, it is widely recognized that the inability to implead other parties involved in a controversy weighs heavily against a plaintiff's choice of forum. *See Piper Aircraft,* 454 U.S. at 259–60, 102 S.Ct. 252. Plaintiffs allege and seek to establish that non-party Aqua Inn, the operator of the parasailing venture, and the individual parasailing operators are agents of Defendants and that all Defendants are vicariously liable for the acts and omissions of these non-parties. (Compl. ¶¶ 29–33.) These actors, all citizens or residents of Mexico, are not subject to the jurisdiction or compulsory process of the Court and could not be impleaded. Without the ability to join this entity or the individual employees thereof, Defendants would be forced to defend claims of vicarious liability without the benefit of documentary evidence in the control of or testimony from these actors.

Additionally, Plaintiffs' contention that Defendants could pursue their cross-claims against the alleged direct tortfeasors in Mexico does not adequately address Defendants' concern. First, it would be far more convenient to resolve all the claims in a single trial. *See Piper Aircraft,* 454 U.S. at 259, 102 S.Ct. 252. Second, a trial on liability in this forum, followed by a separate indemnification or contribution action by Defendants against the alleged direct tortfeasors in Mexico runs the risk of inconsistent results. *See id.; Morse,* 2001 WL 34874967, at *4. The Court finds this burden to be substantial and to weigh strongly in favor of dismissal.

Upon consideration of all the private interest factors, the Court finds that, on balance, the factors weigh heavily in favor of dismissal of this action to Mexico. With the exception of Plaintiffs' choice of forum, in fact, all relevant factors weigh in favor of dismissal. And, while the Court accords Plaintiffs' choice substantial weight, the overall balance tips toward Mexico.

### D. *Public Interest Factors*

■ Though the Court has found that the private interest factors weigh decisively in favor of dismissal, the undersigned, nonetheless, considers the relevant public interest factors.[2] The public interest factors to be considered include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft,* 454 U.S. at 241 n. 6, 102 S.Ct. 252.

■ First, the Court considers whether administrative difficulties flowing from court congestion weigh in favor of dismissal. The undersigned notes that the Southern District of Florida has one of the busiest dockets in the country, and this factor, thus weighs in favor of dismissal. Nonetheless, this factor generally does not warrant significant consideration in the *forum non conveniens* analysis, and the

2. The Court of Appeals for the Eleventh Circuit has noted that, only when the private interest factors are "at or near equipoise," must a district court consider the public interests at stake in a suit. *Aldana,* 578 F.3d at 1298. Because the undersigned has found that the private interests weigh strongly in favor of dismissal, consideration of the public interest factors is not necessary. Nonetheless, the Court addresses these factors in the interest of completeness.

Court does not accord it much weight. *See Morse*, 2001 WL 34874967, at *6.

■ Second, the Court finds that the local interest in adjudicating this controversy weighs in favor of dismissal to Mexico. The Court first acknowledges the general proposition that a general interest exists in allowing United States citizens to bring suit in a United States court. *See SME Racks*, 382 F.3d at 1104. As discussed above, however, the events that are the subject of this suit occurred in Quintana Roo, Mexico. That state is highly dependent on tourism and thus, has a strong interest in adjudicating claims that arose from the tourism activities of Plaintiffs and their Decedents. By contrast, Florida's interest is minimal, due to its attenuated connection with the circumstances of this case; the only apparent connection to Florida is a single Defendant's incorporation in this state. (*See* Compl.) Thus, despite the Court's recognition of a general interest in allowing American plaintiffs to bring suit in a United States court, the undersigned nonetheless finds that, given the circumstances of this action, the local interest in the controversy tilts in favor of adjudication in Mexico.

■ Third, Mexican law will likely govern this action.[3] Though federal courts routinely apply foreign law, this factor, too weighs in favor of dismissal, as the Court would likely have to rely on expert testimony and evidence concerning the substance of Mexican law and to obtain translations thereof, thereby significantly adding to the expense and adminis-

trative burden of adjudicating this dispute in this forum. *See SME Racks*, 382 F.3d at 1104–05; *Miyoung Son*, 2008 WL 4186979, at *11.

■ The Court further finds that the trial of this cause in this forum would unfairly burden jurors in the Southern District of Florida. As noted above, this dispute's connection with this forum is attenuated. A South Florida jury, thus, would have little interest in this litigation, which concerns residents of Texas involved in a parasailing accident in Mexico.

Accordingly, the Court finds that the public interest factors also weigh in favor of dismissal of this cause.

### E. *Reinstatement of Suit*

■ In its *forum non conveniens* analysis, the Court must also consider whether Plaintiffs can reinstate their suit in the alternate forum without undue prejudice or inconvenience. *Wilson*, 590 F.3d at 1269. Here, Defendants have attested that they will submit to the jurisdiction of a Mexican court in this matter and will not raise an objection based on statute of limitations. Accordingly, the Court finds that Plaintiffs can reinstate their suit in Mexico without undue prejudice or inconvenience.

### III

For the reasons stated above, it is

ORDERED AND ADJUDGED that Defendants' Motions to Dismiss (D.E. 34, 36 & 39) are GRANTED; this cause is DIS-

---

**3.** In Florida, courts apply the "significant relationship test" to determine the substantive law to be applied to personal injury actions. *Bishop v. Fla. Specialty Paint Co.*, 389 So.2d 999, 1001 (Fla.1980). Though not dispositive, the law of the state in which both the injury and the conduct causing the injury occurred is, in most instances, the law to be applied. *Id.* Though Plaintiffs conclusorily state that application of the significant relationship test

will likely result in the application of Florida law, they provide no compelling argument in support. (*See* D.E. 44, pp. 14–16.) And the other relevant considerations in making this determination (residence, nationality or place of incorporation of the parties and the place where the relationship between the parties is centered), likewise do not indicate that Florida law should apply.

MISSED, and Plaintiffs are directed to file
their suit in Mexico.