**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHIT RANDHAWA, AKA Harpal Singh; SHANNON CALLNET PVT LTD., <br><br>       Plaintiffs - Appellants, <br><br> v. <br><br> SKYLUX, INC.; INTERACTIVE INTELLIGENCE, INC.; MUJEEB PUZHAKKARAILLATH; SKYLUX TELELINK PVT LTD., <br><br>       Defendants - Appellees. | No. 13-16581 <br><br> D.C. No. 2:09-cv-02304-WBS-KJN <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted October 19, 2015[**]
San Francisco, California

Before: WALLACE, D.W. NELSON, and CLIFTON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mohit Randhawa and Shannon Callnet Pvt Ltd. (STPL) (collectively, plaintiffs) appeal from the district court's dismissal of their action against Skylux, Inc. (Skylux) on the basis of forum non conveniens. We review the district court's decision for an abuse of discretion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

To prevail on a motion to dismiss on the grounds of forum non conveniens, the defendant "must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of public and private interest factors favors dismissal." *Boston Telecommunications Grp. Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009), *citing Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009). In dismissing the case, plaintiffs contend the district court abused its discretion by (1) admitting the expert declaration of Ambika S., w/o H.S. Arunpraksh (Ambika S.); (2) concluding that the Ambika S. declaration sufficiently established the adequacy of Indian courts; (3) determining that the private interest factors weighed in favor of dismissal; and (4) failing to impose conditions on dismissal.

First, the district court properly admitted the Ambika S. declaration even though defendants failed to adhere to Eastern District of California Local Rule 142(a), which requires that affidavits submitted in support of a motion be filed

2

with the motion to which it relates, unless accompanied by an affidavit of counsel purporting to show good cause for the separate filing. Although "[d]istrict judges must adhere to their court's local rules," only "a departure from local rules that affects 'substantial rights' requires reversal." *All. of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013) (internal citations and quotations omitted). Here, the district court had the discretion to admit the late-filed declaration, even without an affidavit of counsel showing good cause for the separate filing, because it did not affect plaintiffs' substantial rights. Despite the tardy filing, plaintiffs still had over a month to respond to the declaration in their opposition.

Second, plaintiffs' argument that the expert declaration was insufficient to establish the adequacy of the local courts in Bangalore and Ludhiana fails. Plaintiffs waived this objection by neglecting to raise it before the district court. *See In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989). Even if plaintiffs had not waived this argument, the district court properly concluded that the courts of India would provide a suitable alternate forum for this dispute.

Third, plaintiffs contend that the district court abused its discretion in weighing the private interest factors because the court failed to address ease of access to sources of proof, the availability of compulsory process, the cost of

obtaining attendance of willing witnesses, and the enforceability of a judgment. *Boston Telecommunications*, 588 F.2d at 1206-07 (listing the private interest factors to be weighed). Plaintiffs' argument is not persuasive. The district court assessed the locations of the parties and witnesses, emphasizing that almost every witness resided in India; conceded that it was uncertain as to whether compulsory process existed, but highlighted that defendants never indicated that witnesses would be unwilling to testify; and stated that plaintiffs never provided any evidence demonstrating why a judgment in India would be unenforceable against STPL.

Lastly, the district court did not abuse its discretion by failing to condition dismissal on the defendant's waiver of a statute of limitations defense in the alternative forum. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1235 (9th Cir. 2011), c*iting Paper Operations Consultants Inern., Ltd. v. S.S. Hong Kong Amber*, 513 F.2d 667, 672 (9th Cir. 1975) (limiting a district court's discretion to dismiss for forum non conveniens where an expired statute of limitations would bar the action in the alternative forum). Plaintiffs never requested that the district court impose such a condition and have therefore waived this objection. No case suggests, moreover, that the district court was required to impose conditions sua sponte on dismissal.

**AFFIRMED.**