**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALTERNATE HEALTH USA, INC.; et al., | No. 22-55353 |
| Plaintiffs-counter-defendants-Appellees, | D.C. No. 8:17-cv-01887-JWH-JDE |
| v. | |
| PAUL PEJMAN EDALAT; et al., | MEMORANDUM[*] |
| Defendants-counter-claimants-Appellants, | |
| v. | |
| HOWARD MANN; et al., | |
| Counter-defendants-Appellees, | |
| and | |
| APS HEALTH SCIENCES, INC., | |
| Defendant-counter-claimant. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted December 6, 2023
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Paul Edalat, Farah Barghi, Olivia Karpinski, and EFT Global Holdings Inc. dba Sentar Pharmaceuticals (collectively, the "Edalat Parties") appeal the district court's order granting Computershare Investor Services Inc.'s ("Computershare") motion to dismiss for *forum non conveniens* and international comity. The Edalat Parties alleged that Computershare, a Canadian corporation with its principal place of business in Canada, failed to remove a restrictive legend on certain stock certificates in violation of the Securities Transfer Act of British Columbia. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The Edalat Parties argue that the district court erred by granting the motion to dismiss because it was submitted after "discovery was closed and the matter was set for trial," making it untimely. But the Edalat Parties fail to point to any case law supporting that rule. And even if such a rule existed, the case was not set for trial and discovery had not closed. Therefore, the motion was not untimely.

2.      The Edalat Parties next argue that the district court erred in its *forum non conveniens* analysis. We review the district court's dismissal for "a clear abuse of discretion." *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009) (citations omitted). The district court's decision deserves substantial deference "where the court has considered all relevant public and private interest

2

factors, and where its balancing of these factors is reasonable." *Id.* (citations omitted). Dismissal may be granted for *forum non conveniens* if a movant shows "(1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009) (citation omitted).

We hold that the district court did not abuse its discretion. The district court reasonably concluded that Canada was an adequate alternative forum because Computershare was amenable to service of process in Canada, and the remedies available in Canada were adequate in light of Computershare's waiver of any defense based on statute of limitations. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1235 (9th Cir. 2011). And while the Edalat Parties argue that the district court erred by not considering their financial resources and the ability to compel witnesses to Canada, these factors are irrelevant to whether an adequate alternative forum exists. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1118–19 (9th Cir. 2002) (considering whether *parties* can be compelled when determining adequacy of forum, but considering whether *witnesses* can be compelled in balancing interest factors); *Loya*, 583 F.3d at 666 (explaining that the focus of the adequacy of the forum analysis is not cost, but whether the remedy afforded is "so clearly inadequate or unsatisfactory that it is no remedy at all" (citation omitted)).

The district court also reasonably weighed the relevant interest factors, considering each of the seven private interest factors and each of the five public interest factors, before concluding that the factors strongly favored the Canadian forum. As to the majority of factors, the Edalat Parties make conclusory arguments, which waives any challenge to those factors. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). Additionally, the few nonconclusory arguments they raise lack merit. For example, they contend that the vast majority of issues in this case involve United States law. But the statutory claims remaining raise novel issues about how the Securities Transfer Act of British Columbia would be interpreted by a Canadian court. The district court, therefore, reasonably concluded that its lack of familiarity with Canadian law weighed heavily in favor of dismissal.

For those reasons, we conclude that the district court did not abuse its discretion in dismissing pursuant to *forum non conveniens*. In light of this holding, we do not reach the issue of international comity.

3. The Edalat Parties also argue that the district court's December 22, 2021 order allowing Computershare to take depositions and designate expert witnesses violated Federal Rule of Civil Procedure 41(a)(2). But they conceded at oral argument that we need not reach this issue if we affirmed the district court's dismissal on *forum non conveniens*. The Edalat Parties also conceded at oral

4

argument that they were not challenging the December 22, 2021 order as to severance. We, therefore, do not reach these issues.

4. Although we do not dismiss the appeal on this basis, *see In re O'Brien*, 312 F.3d 1135, 1136–37 (9th Cir. 2022) (explaining that dismissal of an appeal is appropriate when a party "fails to comply with the Federal Rules of Appellate Procedure . . . and Ninth Circuit Rules."); Ninth Circuit Rule 28-1(a) ("Briefs not complying with FRAP and these rules may be stricken by the court."), we also note that the Edalat Parties failed to comply with numerous Federal Rules of Appellate Procedure and Ninth Circuit Rules.[1]

**AFFIRMED.**

---

[1] The violations are manifold: the statement of jurisdiction does not include any "citations to applicable statutory provisions" or include the "filing dates establishing the timeliness of the appeal," Fed. R. App. P. 28(a)(4); there is no "concise statement of the applicable standard of review," Fed. R. App. P. 28(a)(8)(B); Ninth Circuit Rule 28-2.5; the opening brief changes from double-spaced lines to 1.5-spaced lines midway through, Fed. R. App. P. 32(a)(4), contains well over 14,000 words, Ninth Circuit Rule 32-1(a), (f), and was not accompanied by a Form 8, Ninth Circuit Rule 32-1(e).